UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAWN THOMPSON, on behalf of herself and
all others similarly situated,

Plaintiff,

v.

WYETH, INC., a/k/a Wyeth Company, f/k/a
American Home Products Corporation,
WARNER-LAMBERT COMPANY, PARKE-
DAVIS, a Division of Warner Lambert
Company, PFIZER, INC., MCNEIL-PPC,
INC., NOVARTIS CORPORATION,
NOVARTIS CONSUMER HEALTH, INC.,
RITE-AID CORPORATION, PRESTIGE
BRAND, INC. and THE PROCTOR AND
GAMBLE COMPANY

Defendants.

CIVIL ACTION NO.

MAGISTRATE JUDGE

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Pfizer Inc. ("Pfizer") and Warner-

Lambert Company LLC ("Warner-Lambert"), improperly named as Warner-Lambert Company,

on behalf of itself and its unincorporated Parke-Davis division ("Parke-Davis") (collectively

"Defendants"), hereby file this Notice of Removal of the above-captioned case from the Superior

Court Department, Essex County, where it is denominated as Civil Action No. 05-0247-A, to the

United States District Court for the District of Massachusetts.

In this action, plaintiff Dawn Thompson (hereinafter "Plaintiff") alleges that Defendants

engaged in material misrepresentations in connection with the marketing and sale of various

over-the-counter children's cough syrups that contained the active ingredient Dextromethorphan

(the "Cough Syrups"). Plaintiff seeks to certify a statewide class of Massachusetts consumers

who purchased said Cough Syrups between February 11, 2002 and the present. Removal is proper because:

- There is federal diversity jurisdiction pursuant to the provisions of the P.L. 109-2 (the "Class Action Fairness Act"); and

- The Class Action Fairness Act applies to this action because it has been commenced in the United States District Court for the District of Massachusetts, by virtue of Defendants' Notice of Removal, after the effective date of the statute.

As grounds for removal, Defendants further state as follows:

## INTRODUCTION

1.      Plaintiff seeks to certify a statewide class of all "Massachusetts consumers of cough syrups manufactured by Defendants containing the active ingredient Dextromethrophan which are marketed for use by children." Complaint ¶¶ 1. Plaintiff asserts a single cause of action under common law fraud. Id. at ¶¶ 30-34.[1]

2.      There is federal diversity jurisdiction over this putative statewide class action pursuant to the provisions of P.L. 109-2 (the "Class Action Fairness Act" or the "Act"), codified at 28 U.S.C. §§ 1332(d), 1453, because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one class member is different from that of Pfizer and Warner-Lambert; and (3) the amount in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interests and costs.

3.      Further, Defendants have satisfied all procedural requirements for removal.

---

[1]      A true copy of Plaintiff's Complaint is attached hereto as Exhibit A.

## I.   JURISDICTIONAL BASIS FOR REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

4.   In the Class Action Fairness Act, Congress granted the federal courts diversity jurisdiction over putative class actions where: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one proposed class member is different from that of the defendant; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs.  P.L. 109-2 § 4(a). Each of these requirements is satisfied here.

### A.   Number of Class Members

5.   Plaintiff brings this action on behalf of all "Massachusetts consumers who purchased Cough Syrups during the Class Period (February 11, 2002 through the present)." Complaint ¶ 23. Plaintiff alleges "it is apparent that the number of consumers of Cough Syrups would be at least in the tens of thousands."  Id. ¶ 24.  Accordingly, the requirement that the number of members in the putative class be 100 or more is easily satisfied.  P.L. 109-2 § 4(a)(5).

### B.   Diversity of Citizenship

6.   Defendant Pfizer is, and at the time this action commenced was, a corporation organized under the laws of the State of Delaware, having a principal place of business in the State of New York.  Accordingly, Pfizer is a citizen and resident of Delaware and New York.

7.   Defendant Warner Lambert is, and at the time this action was commenced was, a Delaware corporation with a principal place of business in Morris Plains, New Jersey. Accordingly, Warner Lambert is a citizen and resident of Delaware and New Jersey.

8.   Defendant Parke-Davis is an unincorporated division of Warner-Lambert, and is not a separate corporation or other legal entity.

9.      Plaintiff alleges in the Complaint that she is a resident of the Commonwealth of Massachusetts. Complaint ¶ 3. Upon information and belief, at all relevant times, the named plaintiff is, and was, a citizen of the Commonwealth of Massachusetts.

10.     Plaintiff seeks certification of a proposed statewide class consisting of all "Massachusetts consumers" who purchased the subject Cough Syrups. Id. ¶ 23. Therefore, at all relevant times, the proposed class members include persons who are not citizens of Delaware, New York or New Jersey.

11.     There is complete diversity of citizenship between Plaintiff and the Defendants. There is diversity of citizenship between at least one proposed class member and Defendants. Accordingly, under 28 U.S.C. § 1332(d)(2) (as amended by P.L. 109-2), the requisite diversity of citizenship is satisfied.

## C.      **Amount in Controversy**

12.     Plaintiff, on behalf of herself and the proposed class members, seeks, *inter alia*: (1) "actual damages" for purchasing Defendants' Cough Syrups; (2) "attorneys fees and costs of suit"; and (3) "[s]uch other relief as this Court deems just and appropriate." See Complaint ¶ 34, Ad Damnum Clause.

13.     Plaintiff asserts that because of "the prevalence of Cough Syrups within this Commonwealth...the number of consumers of Cough Syrups would be at least in the tens of thousands." Id. ¶ 24. Moreover, plaintiff seeks to represent a proposed class of all "Massachusetts consumers who purchased Cough Syrups...([from] February 11, 2002 through the present)." Id. ¶ 25. Given that the prospective class represents an overwhelming number of consumers who purchased Cough Syrups over a three-year period, it is clear that the aggregate claims of all class members exceed $5 million, exclusive of interest and costs

-4-

14. Further, the statement in the Complaint that neither Plaintiff "nor any individual member of the Class has damages exceeding \$75,000 each" is irrelevant for the purposes of removal under the Class Action Fairness Act. Id. ¶ 16. First, the statement does not in any way limit the *aggregate* amount claimed by all of the proposed class members in meeting the \$5 million jurisdictional threshold under the Class Action Fairness Act. P.L. 109-2 § 4(a). Second, the statement has no effect on the issue of the amount in controversy because Plaintiff has failed "to stipulate or otherwise formally commit that under no circumstances would [Plaintiff] seek or accept more" than \$75,000. See, e.g., Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 66 (D.R.I. 2002). Indeed, under Massachusetts law, Plaintiff's damages are not limited to the amount pleaded in the complaint, and she "may be awarded greater damages than the ad damnum clause." Reporter's Notes, Mass. R. Civ. P. 54(c) (1973); see also Republic Floors of New England, Inc. v. Weston Racquet Club, Inc., 520 N.E.2d 160, 166 (Mass. App. Ct. 1988).

15. Accordingly, the requisite amount in controversy for federal diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(d)(2) & (6) (as amended by P.L. 109-2), is satisfied.[2]

## D.    The Class Action Fairness Act Applies to this Action.

16. Section 9 of the Class Action Fairness Act provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act [February 18, 2005]." *See* P.L. 109-2 § 9. Under the Class Action Fairness Act, an action is "commenced" when it is commenced in federal court. Because this action is being commenced

---

[2]    Pfizer does not concede that the named plaintiff or any proposed class member would be entitled to such relief or any of the relief sought in the complaint. However, the plaintiff's "claim, whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

-5-

in federal court "on or after the date of enactment" of the Class Action Fairness Act, the Act applies to this action.

17.     There is a wealth of authority which has interpreted federal jurisdictional statutes, like the Class Action Fairness Act, that, on their face, apply only to actions "commenced on or after" the effective date of the statute, to apply to actions removed to federal court *after* the effective date, even though the action was filed in state court *before* the effective date. See Cedillo v. Valcar Enters., 773 F.Supp. 932 (N.D. Tex. 1991); Hunt v. Transport Indem. Ins. Co., 1990 WL 192483 (D. Hawaii July 30, 1990); Abernathy v. Consol. Cab Co., 169 F.Supp. 831 (D. Kan. 1959); Casteel v. Great Southern Trucking Co., 167 F.Supp. 435 (E.D. Tenn. 1958); Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co., 166 F.Supp. 319 (E.D.N.Y. 1958).

18.     In *Cedillo*, the United States District Court for the Northern District of Texas held that the term "commenced" should be read as commenced in federal court – rather than state court – "because the pertinent time for determining federal jurisdiction is the date on which such jurisdiction is invoked." Cedillo, 773 F.Supp. at 939.  The court expressly addressed an issue virtually identical to the one presented by this removal:  namely, whether a statute expanding federal jurisdiction – the Supplemental Jurisdiction statute (28 U.S.C. § 1367) – applied to an action filed in state court before the statute's effective date, but removed after the effective date. Like the Class Action Fairness Act, Section 1367 provided that it applied only to "actions commended on or after" the effective date.  P.L. 101-650, title III, § 310(c) (emphasis added).  In denying remand, the court in *Cedillo* held that the new statute was "fully applicable" to the removed action because the date on which federal jurisdiction was first "invoked" was after the effective date of the statute, and thus the action was "commenced" after the effective date.  773 F.Supp. at 939.

19.     Similarly, in *Lorraine Motors*, the United States District Court for the Eastern District of New York considered whether an amendment to the federal jurisdiction statute (increasing the minimum jurisdictional amount from $3,000 to $10,000) – which, as here, applied only to "actions *commenced* on or after the date of the enactment" (P.L. 85 – 554, § 3; emphasis added) – applied to an action filed in state court before the effective date and removed to federal court after the effective date. As in *Cedillo*, the court in *Lorraine Motors* holds that the term "commenced" means "actions commenced in the [federal] District Court, whether by original jurisdiction or removal" on or after the effective date, and thus the new jurisdictional provision applied to the action. 166 F.Supp. at 323.

20.     In *Abernathy*, the United States District Court for the District of Kansas considered the identical question presented by *Lorraine Motors*. Citing *Lorraine Motors* with approval, the court in *Abernathy* holds that it "must rule" that the action removed to federal court after the date of enactment is "commenced" after the date of the enactment and the new jurisdictional provisions applied to the removed action. 169 F.Supp. at 834.

21.     The United States District Court for the Eastern District of Tennessee considered the same question in *Casteel*. Ruling that the term "commenced" means commenced in the federal court and relying on the principle set forth in a leading treatise, the court held that "the law in effect at the time of the application to remove controls." 167 F.Supp. at 436 (citing 76 C.J.S. Removal of Causes § 2). Accord Hunt v. Transport Indem. Ins. Co., 1990 WL 192483 (D. Hawaii July 30, 1990) (action "commenced" when removed to federal court and new minimum amount in controversy requirement applied to action).

22.     As in *Cedillo*, *Lorraine Motors*, *Abernathy*, *Casteel* and *Hunt*, in determining when this removed action was "commenced" for purposes of the applicability of the Class

Action Fairness Act (expanding the scope of federal jurisdiction), the relevant date is the first time federal "jurisdiction is invoked." *Cedillo*, 773 F.Supp. at 939. The Class Action Fairness Act is "fully applicable" to this removed action because federal jurisdiction is first invoked on June 6, 2005, see id., and, thus, the action is "commenced" in federal court after the effective date of the statute, February 18, 2005.

23.    Moreover, when Congress has intended that a removal statute apply only to cases "commenced" in state court after the statute's effective date, Congress has explicitly so stated. For example, in 1986, when Congress amended the removal statute to permit removal of an entire action that contains state law claims and a separate and independent federal law claim, Congress provided that the amendment would "apply with respect to claims in civil actions commenced *in State courts* on or after the date of the enactment." P.L. 99-336, § 3(b), 100 Stat. 633 (June 19, 1986) (emphasis added). Because Congress did not expressly include the limiting language "in State courts" in the Class Action Fairness Act, the statute applies to actions filed in state court prior to the effective date, but removed (and thus "commenced" in federal court) on or after the effective date.

24.    Applying the Class Action Fairness Act to cases in which federal jurisdiction is invoked on or after the statute's date of enactment is consistent with the express remedial "purpose" of the Act: to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." P.L. 109-2 § 2(b)(2).

25.    The Act's legislative history reflects that the purpose of the Act was to "*encourage* the exercise of federal jurisdiction over class actions." S. Rep. 108-123 at 45 (emphasis added).

-8-

26.     Consistent with the Congressional intent to expand federal jurisdiction, and in order to remedy piecemeal abuses to the judicial system, the term "commenced" should be interpreted as "commenced in federal court," thereby authorizing federal courts to exercise jurisdiction over any case removed on or after the effective date.

27.     This putative class action seeking recovery from an out-of-state defendant is precisely the type of "abuse" that Congress sought to remedy in enacting the Class Action Fairness Act. *See* P.L. 109-2 § 2(a)(4)(B) (finding that state court judges were "sometimes acting in ways that demonstrate bias against out-of-State defendants"). To construe the term "commenced" as anything other than "commenced in federal court" and to preclude federal jurisdiction over this action would be contrary to Congress' intent to expand the number of cases (and, in particular, class actions) subject to federal jurisdiction.

28.     Plaintiff may seek to rely on a recent district court decision in another Circuit holding that the Class Action Fairness Act did not apply to an action filed in state court prior to the effective date, but removed after the effective date. *Pritchett v. Office Depot, Inc.*, 2005 WL 563979 (D. Col. Mar. 9, 2005), petition for permission to appeal denied, 404 F.3d 1232 (10th Cir. 2005). *Pritchett* is not controlling here.

29.     First, in contravention of the requirement in 28 U.S.C. § 1446(b) that an action be removed within 30 days of service of the complaint, the defendant in *Pritchett* removed the action almost two years after service, and, indeed, after the June 2004 certification of a class in the state court. 2005 WL 563979, at *1. That is, the defendant attempted to apply the Class Action Fairness Act retroactively to revive a right to remove that had expired years earlier. By contrast, here Defendants timely removed this action from state court within 30 days of service of the complaint. Accordingly, the *Pritchett* court's concern that permitting removal of that

-9-

action "would permit the removal of nearly every presently-pending class action in every state court, resulting in a sudden tidal wave of filings on an already burdened federal judiciary, rather than the gradual, incremental flow of newly-filed class actions" (Id. at *4), is not present here. Moreover, here, unlike in *Pritchett*, where the class has already been certified, applying the Act would not "deem certain substantive provisions of the Act [where a class had already been certified] to apply to presently-pending cases, potentially frustrating the expectations of current litigants." Id. at *4. Because the Act is only being applied prospectively to actions commenced in federal court after the effective date – and because of the requirement that the action be removed within 30 days of service – there is no risk of the Act disrupting cases where a class has already been certified.

30.    The defendant in *Pritchett* appealed the District Court's decision to the Tenth Circuit, which held that it did not have subject matter jurisdiction to hear the appeal. Like the District Court's decision, the Tenth Circuit also failed to consider the factual issues unique to the case before it. While the decision of the Tenth Circuit may be correct in that particular case, it may be so for reasons other that those articulated by the court.

31.    Second, as in *Cedillo* – a decision that neither the District Court nor the Tenth Circuit in *Pritchett* addressed – Congress intended in the Class Action Fairness Act to expand federal jurisdiction. Holding that the Act applies to actions filed in federal court, provided that the 30-day rule of § 1446(b) is satisfied, will effectuate Congress' intent to expand federal jurisdiction. In concluding that the Class Action Fairness Act did "not purport to abrogate [the] long-standing rule" that "statutes conferring jurisdiction on federal courts are to be strictly construed and all doubts must be resolved against federal jurisdiction" (Id. at *4), the courts in *Pritchett* acted directly contrary to Congress' stated intent to expand federal jurisdiction in order

-10-

to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." P.L. 109-2, § 2(b)(2).[3]

32.     Accordingly, for the reasons stated above, the provisions of the Class Action Fairness Act – which permit removal of class actions where the putative class consists of 100 or more persons, the citizenship of any proposed class member is diverse from that of any defendant, and the matter in controversy after aggregating the class members' claims exceeds $5 million (exclusive of interest and costs) – applies to this action. As shown in Points I.A – C, *supra*, those requirements are met.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL

33.     Plaintiff filed her Complaint in the Superior Court of Massachusetts, Essex County on February 11, 2005. Defendants were served with a summons and a copy of the Complaint on May 6, 2005. This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is filed within 30 days of the service of the Complaint.

34.     Certified copies of all process and pleadings of the state court action will be provided to this Court pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts.

---

[3]     In the context of statutes increasing the requisite jurisdictional minimum, a few courts – contrary to the holdings in *Cedillo, Abernathy, Casteel, Lorraine Motors* and *Hunt* – held that "commenced" means "commenced in state court" and declined to apply the new jurisdictional provisions to cases removed to federal court after the statutes' respective effective dates. Rhinehart v. Cincinnati, Inc., 716 F.Supp. 7 (E.D. Mich. 1989); Kieffer v. Travelers Fire Ins. Co., 167 F.Supp. 398 (D. Md. 1958); Lomax v. Duchow, 163 F.Supp. 873 (D. Neb. 1958). But for the reasons set forth in Paragraphs 16-27, *supra*, "commenced" means "commenced in federal court," which is consistent with the express legislative purpose of expanding federal jurisdiction over class actions.

35.    The United States District Court for the District of Massachusetts embraces the

county in which the state court action is now pending, and thus, this Court is a proper venue for

this action pursuant to 28 U.S.C. § 101.

36.    Defendants are filing written notice of this removal with the Clerk of the State

Court in which the action is currently pending, pursuant to 28 U.S.C. § 1446(d). Copies of the

Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon

Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

37.    Defendants Novartis Corporation and Wyeth, Inc. have assented to the removal of

this action, and no other defendant opposes it.

WHEREFORE, this action should be removed to the United States District Court for the

District of Massachusetts.

Respectfully submitted,

**PFIZER INC. and WARNER-LAMBERT
COMPANY LLC (on behalf of itself and its
unincorporated Parke-Davis Division),**

By their attorneys,

Joseph J. Leghorn (BBO No. 292440)
J. Christopher Allen, Jr. (BBO No. 648381)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110

Dated:  June 6, 2005                        (617) 345-1000

-12-

## CERTIFICATE OF SERVICE

I, J. Christopher Allen, Jr., do hereby certify that a true copy of the above document was served by first class mail upon the following counsel of record, this 6th day of June 2005.

Kenneth G. Gilman, Esq.
Gilman and Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Tel. (781) 231-7850
*Attorneys for Plaintiff*

Gabrielle R. Wolohojian, Esq.
Edward Hale, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel. (617) 526-6000
*Attorneys for Wyeth, Inc. a/k/a Wyeth*
*Company, f/k/a American Home Products*
*Corporation*

Rory Fitzpatrick, Esq.
Andrew C. Glass, Esq.
Kirpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109
Tel. (617) 261-3100
*Attorneys for Novartis Corporation and*
*Novartis Consumer Health, Inc.*

Joseph F. Shea, Esq.
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Tel. (617) 439-2000
*Attorneys for McNeil-PPC, Inc.*

Charles Jolly, Esq.
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
Tel. (931) 946-8071
*Attorneys for Prestige Brands, Inc.*

John E. Hall, Esq.
Michael Labson, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel. (202) 662-5104
*Attorneys for Proctor and Gamble Company*

J. Christopher Allen, Jr.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT

DAWN THOMPSON, on behalf of )
herself and all others similarly situated, )
)
Plaintiff, )
)
v. )
)
WYETH, INC., A/K/A WYETH )
COMPANY F/K/A AMERICAN )
HOME PRODUCTS CORPORATION, )
WARNER-LAMBERT COMPANY, )
PARKE-DAVIS, a division )
of WARNER-LAMBERT COMPANY, )
PFIZER, INC., MCNEIL-PPC, INC., )
NOVARTIS CORPORATION, )
NOVARTIS CONSUMER HEALTH, )
INC., RITE-AID CORPORATION, )
PRESTIGE BRANDS, INC., and THE )
PROCTOR AND GAMBLE COMPANY, )
)
Defendants. )
)

**COPY**

Civil Action No.:
5 0247

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**A**

DAILY INTAKE

MAY 1 0

PFIZER LITIGATION GROUP

## NATURE OF THE ACTION

1.    Plaintiff Dawn Thompson ("Plaintiff") brings this action individually and on

behalf of all similarly situated Massachusetts consumers of cough syrups manufactured by

Defendants containing the active ingredient Dextromethorphan which are marketed for use by

children (the "Cough Syrups").

2.    Although Defendants advertise the Cough Syrups as being effective in

suppressing children's coughs -- indeed, the very names of many of the Cough Syrups indicate

00004130.WPD ; 1

they are designed for children – they are in fact no more effective in children than a placebo. Plaintiff and the Class purchased the Cough Syrups in reliance on Defendants' representations that the Cough Syrups were effective and safe for use by children, and were damaged thereby.

## PARTIES

3.     Plaintiff is a resident of Essex County, Massachusetts who purchased one or more of the Cough Syrups during the Class Period. Plaintiff brings this action individually and on behalf of all other similarly situated Massachusetts consumers who purchased the Cough Syrups during the Class Period.

4.     Defendant Wyeth, Inc., also known as Wyeth Company and formerly known as American Home Products Corporation ("Wyeth"), is a foreign corporation organized and existing under New Jersey law, maintaining its principal place of business at 5 Giralda Farms, Madison, New Jersey. Wyeth is the corporate successor to American Home Products Corporation (AHPC) and expressly and/or impliedly purchased and assumed all of AHPC's assets and liabilities, including liability for defective products that are the subject matter of this Complaint. During the Class Period, Wyeth, and/or its predecessors, affiliates or subsidiaries, manufactured, distributed, marketed and sold at least the following children's cough syrups containing Dextromethorphan: Robitussin Pediactric Cough, Robitussin Pediactric Cough & Cold Syrup, Robitussin DM Infant Drops, Dimetapp® - Children's Cold & Cough Elixir, Dimetapp® DM Cold & Cough Elixir, Children's Dimetapp® Long Acting Cough Plus Cold, Children's Dimetapp® Nighttime Flu, and Children's Dimetapp® Infant Drops Decongestant Plus Cough.

5.     Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York 10017. Pfizer has purchased the business of and

00004130.WPD ; 1

merged with Defendant Warner-Lambert Company ("Warner-Lambert") and Pharmacia Corporation ("Pharmacia") and has thereby assumed any and all liability of these entities with respect to the manufacturing, distribution, marketing and sale of the Cough Syrups. During the Class Period, Pfizer, and/or its predecessors, affiliates or subsidiaries, together and in combination with Defendants Warner-Lambert and Parke-Davis, a division of Warner-Lambert Company ("Parke-Davis") manufactured, distributed, marketed and sold at least the following children's cough syrup containing Dextromethorphan: Sudafed - Children's Non-Drowsy Cold & Cough. During the Class Period, Pfizer, and/or its predecessors, affiliates or subsidiaries, also manufactured, distributed, marketed and sold at least the following children's cough syrups containing Dextromethorphan which were formerly manufactured, distributed, marketed and sold by Pharmacia: PediaCare Decongestant & Cough Drops for Infants, PediaCare Long-Acting Cough for Infants, PediaCare Multi-Symptom Cold for Children, and Pediacare NightRest Cough & Cold for Children.

6.     Defendant Warner-Lambert, which is a subsidiary of Pfizer, is a Delaware corporation with its principal place of business in New Jersey. During the Class Period, Warner-Lambert, and/or its predecessors, affiliates or subsidiaries, together and in combination with Pfizer and Parke-Davis, manufactured, distributed, marketed and sold at least the following children's cough syrup containing Dextromethorphan: Sudafed - Children's Non-Drowsy Cold & Cough. Pfizer has purchased the business of and merged with Warner-Lambert and has thereby assumed any and all liability of Warner-Lambert with respect to the manufacturing, distribution, marketing and sale of the Cough Syrups.

00004130.WPD ; 1

7.     Defendant Parke-Davis is a division of Warner-Lambert and has its principal place of business in New Jersey. During the Class Period, Parke-Davis, and/or its predecessors or affiliates, together and in combination with Warner-Lambert and Pfizer, manufactured, distributed, marketed and sold at least the following children's cough syrup containing Dextromethorphan: Sudafed - Children's Non-Drowsy Cold & Cough.

8.     Defendant McNeil-PPC, Inc. ("PPC") is a New Jersey corporation with its principal place of business at 199 Grandview Road, Skiliman, New Jersey 08558. During the Class Period, PPC, and/or its predecessors, affiliates or subsidiaries, manufactured, distributed, marketed and sold at least the following children's cough syrups containing Dextromethorphan: Children's Tylenol Plus Cold & Cough, Tylenol Infant's Cold Decongestant & Fever Reducer Drops Plus Cough, Concentrated Drops, and Simply Cough Cherry Berry Flavored Liquid,

9.     Defendant Novartis Corporation is a corporation organized and existing under New Jersey law and maintaining its principal place of business at 608 5th Avenue, New York NY 10020. Defendant Novartis Consumer Health, Inc. is a corporation organized and existing under New Jersey law, and maintaining its principal place of business at 1 Health Plaza, East Hanover, New Jersey 07901 (collectively, "Novartis"). During the Class Period, Novartis, and/or its predecessors, affiliates or subsidiaries, manufactured, distributed, marketed and sold at least the following children's cough syrup containing Dextromethorphan: Delsym 12 Hour Cough Relief For Children. Novartis, and/or its predecessors, affiliates or subsidiaries, also manufactured, distributed, marketed and sold the following Cough Syrups containing Dextromethorphan, claiming they were effective in both children and adults: Triaminic® Night Time Cough & Cold, Triaminic® Cough & Sore Throat, Triaminic® Cold & Cough,

00004130.WPD ; 1

Triaminic® Flu, Cough & Fever, Triaminic® Cough & Nasal Congestion, Triaminic® Softchews® Cold & Cough, and Triaminic® Softchews® Cough & Sore Throat.

10.    Defendant Prestige Brands, Inc. ("Prestige") is a Delaware corporation with principal place of business at 90 North Broadway, Irvington, New York. On October 7, 2004, Prestige purchased all the capital stock of Vetco Inc. ("Vetco"). During the Class Period, Vetco (and subsequently, Prestige), and/or their predecessors, affiliates or subsidiaries manufactured, distributed, marketed and sold at least the following children's cough syrups containing Dextromethorphan: Little Colds Cough Formula, Little Colds Multi-Symptom Cold Formula, and Little Colds Oral Decongestant Plus Cough Formula. Prestige has purchased the business of and merged with Vetco and has thereby assumed any and all liability of Vetco with respect to the manufacturing, distribution, marketing and sale of the Cough Syrups.

11.    Defendant Rite Aid Corporation ("Rite Aid") is a Delaware corporation with principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011. During the Class Period, Rite Aid, and/or its predecessors, affiliates or subsidiaries, manufactured, distributed, marketed and sold at least the following children's cough syrups containing Dextromethorphan: Rite Aid Pedia Relief, Decongestant plus Cough Oral Drops for Infants, Rite Aid Tussin CF Cough Formula for Children and Adults, and Rite Aid Tussin DM Cough Formula for Children and Adults.

12.    Defendant The Proctor and Gamble Company ("P&G") is an Ohio corporation with principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202. During the Class Period, P&G, and/or its predecessors, affiliates or subsidiaries, manufactured, distributed, marketed and sold at least the following children's cough syrups containing

00004130.WPD ; 1

Dextromethorphan: Vicks NyQuil - Children's Cold & Cough Relief, Pediatric Vicks 44e, Pediatric Vicks 44m, and Children's NyQuil.

13.     All Defendants conducted substantial, systemic, continuous, and regular business in Massachusetts during the Class Period through, among other activities, the distribution, marketing and sale of the Cough Syrups.

14.     Each Defendant claimed throughout the Class Period that the Cough Syrup(s) it manufactured, distributed, marketed and/or sold were effective in suppressing cough in children, despite being aware throughout the Class Period that the Cough Syrups were not effective in children.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over each Defendant pursuant to M.G.L. c. 223A, § 3, because each Defendant transacted significant commerce within this Commonwealth and Essex County during the Class Period through the distribution, marketing and sale of the Cough Syrups. Venue is proper pursuant to M.G.L., c. 223, § 1, as Plaintiff resides in Essex County. Further, venue is proper within this county because acts complained of occurred within this county, the purchase of the Cough Syrups by consumer class members, occurred within this county, and therefore injury occurred within this county.

16.     Neither Plaintiff nor any individual member of the Class has damages exceeding $75,000 each.

## FACTUAL BACKGROUND

17.     Throughout the Class Period, Defendants distributed, marketed and sold the Cough Syrups throughout the United States, including Massachusetts. Defendants have claimed,

00004130.WPD ; 1

and continue to claim, that the Cough Syrups, all of which contain the "active" ingredient Dextromethorphan, are effective in suppressing cough in children. For example, Wyeth's Internet web site urges parents to "Come to your child's rescue and relieve their coughs with Robitussin® Cough relief products for kids." The product labeling for Robitussin Pediactric Cough states that it: "controls coughs 6-8 hours with a fruit punch flavor that your kids will love." The other Defendants make similar claims with regard to the Cough Syrups each manufactured, distributed, marketed and/or sold.

18.     About 95 percent of cough syrups contain Dextromethorphan as their "active" ingredient. Consumers spend billions of dollars each year on over-the-counter medications for cough suppression, including Cough Syrups designed specifically for children.

19.     However, studies, including an article published in the medical journal "Pediatrics," in July 2004, (the "Pediatrics Study"), have concluded that parents who treat a child's nighttime cough with medications containing Dextromethorphan are wasting their money. In fact, the Pediatrics study reveals that Dextromethorphan is no better than a placebo in providing nighttime relief for children with cough and sleep difficulty as a result of upper-respiratory infection.[1] The findings of this study have been supported by additional studies and articles.[2]

---

[1] Effect of Dextromethorphan, Diphenhydramine, and Placebo on Nocturnal Cough and Sleep Quality for Coughing Children and Their Parents, Ian M. Paul, MD, MSc, Katharine E. Yoder, Kathryn R. Crowell, MD, Michele L. Shaffer, PhD, Heidi S. McMillan, MD, Lisa C. Carlson, MD, Deborah A. Dilworth, RN and Cheston M. Berlin, Jr., MD; *Pediatrics,* Vol. 114 No. 1 July 2004, pp. e85-e90.

[2] Cough Suppressants Are Ineffective In Children, BMJ.2004; 329: 0; Over-the-Counter Cough and Cold Medicines: Should Parents Be Using Them for Their Children?; V. Bhatt-Mehta; Ann. Pharmacother., November 1, 2004; 38(11): 1964 - 1966; Two Children's

00004130.WPD ; 1

20.     To conduct the Pediatrics Study, researchers recruited 100 children with upper-respiratory-tract infections who had been coughing for an average of more than three days. The children were given one of three treatments 30 minutes before bedtime: a cough syrup containing Dextromethorphan, a cough syrup containing a different active ingredient, Diphenhydramine, or a placebo syrup. Of the three groups, those children taking the placebo -- essentially flavored water -- had the best results. On four other measures, the three treatments had virtually identical outcomes.

21.     The Pediatrics Study confirmed what many physicians already knew. In fact, the Merck Manual of Diagnosis and Therapy, a reference book used by physicians and written by an editorial board of medical experts, says there is little evidence that cough syrups provide any benefit at all.

22.     Despite the overwhelming evidence that children's cough medicines containing Dextromethorphan are not effective, Defendants continue to market and sell the Cough Syrups, maintaining that they are effective. In fact, the Cough Syrups no more effective than a placebo, and Plaintiff and Class Members are wasting their money by purchasing the Cough Syrups.

## CLASS ACTION ALLEGATIONS

23.     Pursuant to Mass. R. Civ. P. 23, Plaintiff brings this action as a class action on behalf of herself and all other similarly situated Massachusetts consumers who purchased the Cough Syrups during the Class Period (February 11, 2002 through the present).

---

Cough Remedies Found Ineffective; Journal Watch Infectious Diseases, July 26, 2004; 2004(726): 9 - 9.

00004130.WPD ; 1

24.    Although the number of putative class members is not known to
Plaintiff with precision, based on the annual sales of the Cough Syrups and the prevalence of the
Cough Syrups within this Commonwealth, it is apparent that the number of consumers of the
Cough Syrups would be at least in the tens of thousands, thereby making joinder impracticable.

25.    Plaintiff's claims are typical of the claims of the putative class members.
Specifically, Plaintiff claims that Defendant's false and misleading representations about the
effectiveness of the Cough Syrups injured Plaintiff and consumers alike by conveying false
and/or misleading information about the product that Plaintiff and the putative class members
purchased.

26.    Plaintiff is an adequate representative to represent the interests of the absent class
members. Like all the putative class members, Plaintiff is a Massachusetts consumer of the
Cough Syrups who purchased the Cough Syrups during the Class Period. Like all the putative
class members, Plaintiff claims that Defendants' representations about the Cough Syrups were
false and misleading, and that therefore, Defendants are liable under applicable Massachusetts
law. Plaintiff has retained qualified counsel, experienced in class action and consumer litigation,
to vigorously prosecute this action on behalf of the putative class members.

27.    There are common questions of fact and law making this action particularly
appropriate for classwide treatment. These common questions include:

    1.    Whether Defendants' representations about the Cough Syrups were false
        and/or misleading;

2.  Whether Defendants, in making the misrepresentations and omissions about the Cough Syrups, knew that their statements were false and misleading or acted in reckless disregard thereof;

3.  Whether Defendants, in making the misrepresentations and omissions about the Cough Syrups, intended that reasonable consumers would rely upon and act on the basis of those misrepresentations and omissions in deciding to purchase the Cough Syrups;

4.  Whether Plaintiff and Class members purchased the Cough Syrups in reasonable and justifiable reliance on the truth of Defendants' representations and/or on the absence of the Defendants' material omissions; and

5.  Whether Defendants' conduct injured consumers and, if so, the extent of the injury.

28.  These common questions, and other common questions of fact and law present in this action easily predominate over any individual issues (although there are unlikely to be any such individual issues).

29.  This action is also best managed as a class action. Given the relatively low price of the product at issue here, absent a class action, it would not be feasible for any individual consumer to assert a claim against Defendants. Further, given the large number of consumers of the Cough Syrups, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

00004130.WPD ; 1

## COUNT I
## (COMMON LAW FRAUD)

30.    Plaintiff hereby incorporates by reference each and every allegation of this complaint as if fully restated herein.

31.    In their advertising, packaging and marketing of the Cough Syrups, Defendants made the material misrepresentations, statements and omissions set forth above with knowledge of their false and misleading nature and/or in reckless disregard thereof.

32.    At the time Defendants made the materially false and misleading representations, statements and omissions, it intended that consumers, including Plaintiff and other Class members, would rely upon and act on the basis of those misrepresentations and omissions in deciding to purchase the Cough Syrups.

33.    Plaintiff and members of the class, without knowledge of the falsity of Defendants' material misrepresentations and omissions, and believing them to be true, and in reasonable and justifiable reliance on the truth and completeness thereof, made purchases of the Cough Syrups during the Class Period.

34.    As a proximate result of the Defendants' fraudulent conduct, as alleged herein, Plaintiff and the other Class members were damaged by purchasing useless products.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for an Order from this Court as follows:

1.    Certifying this action as a class action on behalf of all Massachusetts consumers of the Cough Syrups during the Class Period;

2.    Designating Plaintiff and Plaintiff's counsel as class representative and class counsel, respectively;

00004130.WPD ; 1

3.    Entering Judgment against Defendants and in favor of Plaintiff and the Class on all claims;

4.    Requiring Defendants to Pay Plaintiff's Actual Damages;

5.    Requiring Defendants to pay Plaintiff's reasonable attorneys' fees and costs of suit; and

6.    Such other relief as this Court deems just and appropriate.

Plaintiff demands a jury trial on all counts so triable.

DATED:  February **11**, 2005                    Respectfully submitted,


Kenneth G. Gilman (B.O.#192760)
Douglas J. Hoffman (B.O.#640472)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850
Facsimile: (781) 231-7840

Attorneys for Plaintiff

00004130.WPD ; 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)**   Thompson v. Wyeth, Inc., et al.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| [ ] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121: 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases |
| [x] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

05  1 1 1 6 9 NMG

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   N/A

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES [ ]    NO [x]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

   YES [ ]    NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [x]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES [ ]    NO [x]

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   YES [x]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [x]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

   YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   J. Christopher Allen, Jr.,
ADDRESS   Nixon Peabody LLP, 100 Summer St., Boston, MA 02110
TELEPHONE NO.   (617) 345-1000

(CategoryForm.wpd - 5/2/05)

℀JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Dawn Thompson, on behalf of herself and all others situated

**(b)**  County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Kenneth G. Gilman, Gilman and Pastor LLP
999 Broadway, Suite 500, Saugus, MA 01906

## DEFENDANTS

Wyeth, Inc., et al. (See Attachment "A")

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

|                                              | PTF | DEF |                                                          | PTF | DEF |
|----------------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                        | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                     | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country      | ☐ 3 | ☐ 3 | Foreign Nation                                           | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332 (as amended by P.L. 109-2)
Brief description of cause:
See Attachment "B"

## VII. REQUESTED IN    ☒ CHECK IF THIS IS A CLASS ACTION    DEMAND$    CHECK YES only if demanded in complaint:
## COMPLAINT:    UNDER F.R.C.P. 23    See Attachment "B"    JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)    (See instructions):    JUDGE   N/A    DOCKET NUMBER   N/A
## IF ANY

DATE
6/6/05

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## ATTACHMENT A

### Defendants and Their Counsel

**WYETH, INC. A/K/A WYETH COMPANY, F/K/A AMERICAN HOME PRODUCTS CORPORATION:**

Gabrielle R. Wolohojian, Esq.
Edward Hale, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel. (617) 526-6000

**ATTORNEYS FOR NOVARTIS CORPORATION AND NOVARTIS CONSUMER HEALTH, INC.:**

Rory Fitzpatrick, Esq.
Andrew C. Glass, Esq.
Kirpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109
Tel. (617) 261-3100

**RITE-AID CORPORATION:**

[Unknown]

**PROCTOR AND GAMBLE COMPANY:**

John E. Hall, Esq.
Michael Labson, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel. (202) 662-5104

**PFIZER INC., WARNER-LAMBERT COMPANY LLC, and PARKE-DAVIS, a division of WARNER-LAMBERT COMPANY:**

Joseph J. Leghorn, Esq.
J. Christopher Allen, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Tel. (617) 345-1000

**ATTORNEYS FOR MCNEIL-PPC, INC.:**

Joseph F. Shea, Esq.
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Tel. (617) 439-2000

**PRESTIGE BRANDS, INC.:**

Charles Jolly, Esq.
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
Tel. (931) 946-8071

## ATTACHMENT B

### Brief Description of Case

In this action, Plaintiff Dawn Thompson ("Plaintiff") alleges that Defendants engaged in material misrepresentation in connection with the marketing and sale of various over-the-counter cough syrups that contained the active ingredient Dextromethorphan.  Plaintiff seeks to certify a statewide class of Massachusetts consumers who purchased said cough syrups between February 11, 2002 and the present.  The aggregate claims of all class members exceeds $5 million, exclusive of interest and costs.  Defendants do not concede that class certification is appropriate. Defendants Pfizer, Inc. and Warner-Lambert Company LLC, on behalf of itself and its unincorporated Parke-Davis division, seek removal pursuant to 28 U.S.C. §§ 1441 and 1446. Jurisdiction exists pursuant to 28 U.S.C. 1332 (as amended by P.L. 109-2).