UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WYETH, INC., et al,<br><br>Defendants. | )<br>)<br>)<br>)   Civil Action No. 05-11169-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR CLARIFICATION OF PLAINTIFF'S POSITION ON DEFENDANTS' ASSENTED-TO MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Now comes Plaintiff Dawn Thompson ("Plaintiff"), through her designated counsel, and requests an opportunity to clarify Plaintiff's position on Defendants' Assented-To Motion To Extend Time To Answer Or Otherwise Plead In Response To The Complaint, filed on June 27, 2005. (Dkt. No. 12) (the "Motion").

1.   On June 27, 2005, Defendants filed the Motion. As indicated in the Motion, Plaintiff communicated to Defendants that she intended to move to remand this action to the Superior Court for Essex County, Massachusetts. (Motion at 7). Plaintiff filed this Motion, and a supporting memorandum of law, on June 29, 2005. (Docket Nos. 14, 15). Plaintiff also intends to amend the Complaint. *Id.*

2.   Consequently, Plaintiff feels it is appropriate to grant Defendants an extension of time to answer or otherwise plead until either thirty (30) days after Plaintiff has filed her

Amended Complaint or until thirty (30) days after this Court rules on Plaintiff's motion to remand, as reflected in paragraph 8 of the Motion.

3.   However, Plaintiff did not intend to agree to delay Defendants' response until such time as the U.S. Court of Appeals for the First Circuit rules on any potential appeal of this Court's ruling on Plaintiff's motion for remand, as apparently indicated in section "b" of the Motion's "Wherefore" clause. (Motion at 3). In fact, in the event this Court grants Plaintiff's motion to remand and Defendants attempt to appeal that ruling, Plaintiff intends to challenge Defendants' right to appeal.

4.   Plaintiff does not believe that Defendants intentionally misstated her position, but rather that the parties miscommunicated as to the length of the agreed-upon enlargement of time. Nevertheless, Plaintiff feels that she must clarify her position with the Court.

WHEREFORE, Plaintiff asks that, in the event the Court decides to grant the Defendants an extension of time to answer or otherwise plead, that the extension be limited to: thirty (30) days after Plaintiff has filed her Amended Complaint; or until thirty (30) days after this Court rules on Plaintiff's motion to remand, whichever is later.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Undersigned counsel certify that they have conferred with counsel for Defendants in a

good faith effort to resolve or narrow the issues raised by this Motion, but have been unable to do so.

DATED:  July 1, 2005                                          Respectfully submitted,


                                                   /s/ Douglas M . Brooks
Douglas M. Brooks (BBO #058850)
Kenneth G. Gilman (BBO #192760)
Douglas J. Hoffman (BBO #640472)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Telephone: (617) 742-9700
Facsimile: (617) 742-9701

Attorneys for Plaintiff