UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>WYETH, INC., a/k/a Wyeth Company, f/k/a American Home Products Corporation, WARNER-LAMBERT COMPANY, PARKE-DAVIS, a division of Warner-Lambert Company, PFIZER INC., MCNEIL-PPC, INC., NOVARTIS CORPORATION, NOVARTIS CONSUMER HEALTH, INC., RITE-AID CORPORATION, PRESTIGE BRANDS, INC., and THE PROCTOR AND GAMBLE COMPANY,<br><br>          Defendants. | C.A. No. 05-11169-DPW |

### NOVARTIS CORPORATION'S
### ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Novartis Corporation hereby answers the Class Action Complaint ("Complaint") of plaintiff Dawn Thompson as follows:

### NATURE OF THE ACTION

1.    Paragraph 1 of the Complaint contains plaintiff's definition of the putative class to which no response is required. To the extent that a further response is required, Novartis Corporation denies that the class described by plaintiff meets the requirements for class certification.

- 2 -

2. Novartis Corporation denies the allegations contained in paragraph 2 of the Complaint.

**PARTIES**

3. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 of the Complaint. The second sentence of paragraph 3 of the Complaint contains plaintiff's definition of the putative class to which no response is required. To the extent that a further response is required, Novartis Corporation denies that the class described by plaintiff meets the requirements for class certification.

4. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Novartis Corporation denies that it is a corporation organized and existing under New Jersey law and denies that it maintains its principal place of business at 608 5th Avenue, New York. Novartis Corporation denies, upon information and belief, that Novartis Consumer Health, Inc. is a corporation organized and existing under New Jersey law and denies, upon

information and belief, that Novartis Consumer Health, Inc. maintains its principal place of business at 1 Health Plaza, East Hanover, New Jersey. Novartis Corporation denies the remainder of the allegations contained in paragraph 9 of the Complaint to the extent that they are directed to Novartis Corporation.

10. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Novartis Corporation denies the allegations contained in paragraph 13 of the Complaint.

14. Novartis Corporation denies the allegations contained in paragraph 14 of the Complaint.

**JURISDICTION AND VENUE**

15. Paragraph 15 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in the first sentence of paragraph 15 of the Complaint. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 15 of the Complaint. Novartis Corporation denies the allegations contained in the third sentence of paragraph 15 of the Complaint to the extent that they are directed to Novartis Corporation.

16.     Novartis Corporation denies that plaintiff or any putative class member has sustained any damage.

## FACTUAL BACKGROUND

17.     Novartis Corporation denies the allegations contained in paragraph 17 of the Complaint to the extent that they are directed to Novartis Corporation.

18.     Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     The allegations set forth in paragraph 19 of the Complaint consist of plaintiff's characterization of certain purported "studies" and "articles," including the so-called "Pediatrics Study", to which no responsive pleading is required.  To the extent a further response is required, Novartis Corporation denies the allegations of paragraph 19 and states that those "studies" and "articles," including the so-called "Pediatrics Study", speak for themselves as to their content.

20.     The allegations set forth in paragraph 20 of the Complaint consist of plaintiff's characterization of the so-called "Pediatrics Study" to which no responsive pleading is required. To the extent a further response is required, Novartis Corporation denies the allegations of paragraph 20 and states that the so-called "Pediatrics Study" speaks for itself as to its content.

21.     The allegations set forth in the first sentence of paragraph 21 of the Complaint consist of plaintiff's characterization of the so-called "Pediatrics Study" and certain un-named physicians' purported beliefs to which no responsive pleading is required.  To the extent a further response is required Novartis Corporation denies the allegations contained in the first sentence of paragraph 21 of the Complaint and states that the so-called "Pediatrics Study" speaks for itself as to its content and that Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of plaintiff's characterization of the certain un-named physicians'

purported beliefs. The allegations set forth in the second sentence of paragraph 21 of the Complaint consist of plaintiff's characterization of the so-called "Merck Manual of Diagnosis and Therapy", and certain un-named physicians purported use thereof, to which no responsive pleading is required. To the extent a further response is required to the allegations contained in the second sentence of paragraph 21 of the Complaint, Novartis Corporation denies the allegations and states that the so-called "Merck Manual of Diagnosis and Therapy" speaks for itself.

22. Novartis Corporation denies the allegations contained in paragraph 22 of the Complaint.

## CLASS ACTION ALLEGATIONS

23. Paragraph 23 of the Complaint sets forth plaintiff's definition of the putative class to which no response is required. To the extent that a further response is required, Novartis Corporation denies that the class described by plaintiff meets the requirements for class certification.

24. Paragraph 24 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a further response is required, Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint but generally denies that the class described by plaintiff meets the requirements for class certification.

25. The first sentence of paragraph 25 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in the first sentence of paragraph 25 of the Complaint. The second sentence of paragraph 25 of the Complaint contains plaintiff's

characterization of her claim in this action to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in the second sentence of paragraph 25 of the Complaint.

26. The first sentence of paragraph 26 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in the first sentence of paragraph 26 of the Complaint. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 26 of the Complaint as to plaintiff's purchase of any cough medication, and denies that the class described by plaintiff meets the requirements for class certification. The third sentence of paragraph 26 of the Complaint contains plaintiff's characterization of her claim in this action to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in the third sentence of paragraph 26 of the Complaint. Novartis Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 26 of the Complaint, but denies that the class described by plaintiff meets the requirements for class certification.

27. The first sentence of paragraph 27 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in the first sentence of paragraph 27 of the Complaint. The second sentence of paragraph 27 of the Complaint – including, without limitation, subparts 1-5 thereto – sets forth a legal conclusion and contains plaintiff's characterization of her claims in this action to which no response is required. To the extent that a further response is required to the allegations contained in the second sentence of paragraph 27 –

including, without limitation, subparts 1-5 thereto, Novartis Corporation denies that the purported common questions described by plaintiff therein meet the requirements for class certification and denies the allegations contained therein.

28.     Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a further response is required, Novartis Corporation denies the allegations contained in paragraph 29 of the Complaint.

## COUNT I
### (COMMON LAW FRAUD)

30.     Novartis Corporation repeats and incorporates by reference its answers to paragraphs 1 through 29, inclusive, of the Complaint.

31.     Novartis Corporation denies the allegations contained in paragraph 31 of the Complaint.

32.     Novartis Corporation denies the allegations contained in paragraph 32 of the Complaint.

33.     Novartis Corporation denies the allegations contained in paragraph 33 of the Complaint.

34.     Novartis Corporation denies the allegations contained in paragraph 34 of the Complaint.

The remainder of the Complaint consists of plaintiff's prayer for relief to which no response is required. To the extent that a further response is required, Novartis Corporation

- 8 -

denies that plaintiff or any member of the putative class is entitled to any of the forms of relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims do not satisfy the requirements of the applicable rules for class action treatment.

### Third Affirmative Defense

Plaintiff lacks standing.

### Fourth Affirmative Defense

Plaintiff is not a member of the putative class that she purports to represent.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the application of the statute of limitations and/or statute of repose and by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

### Seventh Affirmative Defense

The Complaint fails to plead allegations of fraud with particularity.

### Eighth Affirmative Defense

Plaintiff's claims are barred by lack of personal jurisdiction over Novartis Corporation.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the application of the doctrines of waiver, estoppel, and ratification.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate or avoid the damages she claims.

### Eleventh Affirmative Defense

If plaintiff suffered damages, which Novartis Corporation denies, plaintiff's damages were caused by the conduct of others, including, without limitation, her own conduct, for whose conduct Novartis Corporation is not responsible.

### Twelfth Affirmative Defense

Novartis Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend its Answer to assert such defenses.

WHEREFORE, defendant Novartis Corporation respectfully requests that the Court:

(a)  enter an order denying certification of a class in this action;

(b)  enter judgment in favor of Novartis Corporation on the count made in the Complaint;

(c)  dismiss the Complaint with prejudice;

(d)  award Novartis Corporation its costs and expenses, including, without limitation, its attorney's fees, incurred in this action; and

(e)  grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        NOVARTIS CORPORATION,

        By its attorneys,

        */s/ Andrew C. Glass*

        Rory FitzPatrick (BBO #169960)
        Andrew C. Glass (BBO #638362)
        Ryan M. Tosi (BBO #661080)
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        75 State Street
        Boston, MA  02109
        (617) 261-3100

Dated: July 7, 2005

CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2005, I served a true copy of the foregoing document by first-class mail, postage pre-paid, upon:

Kenneth G. Gilman, Esq.  
Douglas M. Brooks, Esq.  
Gilman and Pastor, LLP  
Stonehill Corporate Center  
999 Broadway, Suite 500  
Saugus, MA 01906

Gabrielle R. Wolohojian, Esq.  
Edward E. Hale, Jr., Esq.  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, MA 02109

Joseph J. Leghorn, Esq.  
J. Christopher Allen, Jr., Esq.  
Nixon Peabody LLP  
100 Summer Street  
Boston, MA 02110

Joseph F. Shea, Esq.  
Michelle Chassereau Jackson, Esq.  
Nutter McClennen & Fish LLP  
World Trade Center West  
155 Seaport Boulevard  
Boston, MA  02210-2604

Charles N. Jolly, Esq.  
Baker Donelson, Bearman, Caldwell & Berkowitz, PC  
1800 Republic Centre  
633 Chestnut Street  
Chattanooga, TN 37450-1800

Mark J. Hoover, Esq.  
Campbell, Campbell, Edwards & Conroy, P.C.  
One Constitution Center  
Third Floor  
Boston, MA 02129

John E. Hall, Esq.  
Michael S. Labson, Esq.  
Covington & Burling  
1201 Pennsylvania Ave., N.W.  
Washington, DC  20004

Edwin F. Landers, Jr., Esq.  
Morrison Mahoney LLP  
250 Summer Street  
Boston, MA 02210

      */s/ Andrew C. Glass*

      Andrew C. Glass