IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on her own behalf and on behalf of all others similarly situated )<br><br>Plaintiff, )<br><br>v. )<br><br>WYETH, INC., et al. )<br><br>Defendants. ) | Civil Action No. 05-cv-11169 |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF MOTION TO REMAND**

Plaintiff submits this Notice to supplement her Motion to Remand and to bring to the Court's attention to three recent decisions by federal District Courts, rejecting the arguments raised here by defendants Pfizer, Inc. and Warner Lambert Company LLC in support of federal jurisdiction. In each of the cases submitted with this Notice, the Court determined that an action is "commenced" for purposes of the Class Action Fairness Act when it was initially filed in the state court, and not when it was removed to federal court (as defendants would have this Court find). The cases submitted herewith are: *Sneddon v. Hotwire, Inc.*, 2005 U.S. Dist. LEXIS 13257 (N.D. Cal. June 29, 2005)[1] ("[s]o far as this Court is aware, all courts which have addressed this issue under CAFA have held that the commencement of an action refers to the date the action is filed in state court, not when the case is removed to federal court. . . [s]tatutory definitions of 'commencement' support this view.");[2] *Bush v. Cheaptickets, Inc.*, No. CV 05-2285 PA (VBKx)

---

[1]   Exhibit A hereto.

[2]   *Id*. at *6.

(C.D. Cal. May 9, 2005)[3] ("a lawsuit is deemed to 'begin' or 'commence' on the date the original complaint is filed.");[4] *In re Expedia Hotel Taxes and Fees Litigation*, CASE NO. C05-0365C (W.D. Wash. April 15, 2005)[5] ("... commencement occurs with 'filing.' The suits giving rise to this consolidated action were all filed before CAFA's enactment date.").[6]

The cases submitted herewith, together with the decisions previously submitted or cited by Plaintiff, have universally endorsed the approach urged by the Plaintiff here as to when a case is commenced for the purposes of CAFA.[7]

Dated: July 8, 2005

/s/ Kenneth G. Gilman
Douglas M. Brooks, BBO #058850
Kenneth G. Gilman, BBO #192760
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701

---

[3] Exhibit B hereto.

[4] *Id*. at 3.

[5] Exhibit C hereto.

[6] *Id*. at 3.

[7] Although the *Bush* and *Expedia* decisions were rendered prior to the filing of Plaintiff's Motion to Remand, they are unpublished and were not available on the electronic research outlets. Plaintiff's counsel only became aware of them through their citation in the recent *Sneddon* decision.

LEXSEE 2005 U.S. DIST. LEXIS 13257

**JANA SNEDDON, Plaintiff, v. HOTWIRE, INC., Defendant. ASHLEY SALISBURY, Plaintiff, v. HOTWIRE, INC., Defendant. BRUCE DEATON, Plaintiff, v. HOTWIRE, INC., Defendant.**

No. C 05-0951 SI, No. C 05-0952 SI, No. C 05-0953 SI

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2005 U.S. Dist. LEXIS 13257

June 29, 2005, Decided
June 29, 2005, Filed

**CORE TERMS:** removal, commence, federal jurisdiction, commencement, subject matter jurisdiction, date of enactment, civil action, class action, Class Action Fairness Act, consolidated, diversity, customers, legislative history

**COUNSEL:** [*1] For Jana Sneddon, on behalf of herself & all others similarly situated, Plaintiff: Adam Gutride, San Francisco, CA; Blake M. Harper, Hulett Harper LLP, San Diego, CA; Wayne Lamprey, Anne Hayes Hartman, Francine T. Radford, Wayne T. Lamprey, Goodin MacBride Squeri Ritchie & Day LLP, San Francisco, CA; Jon V. Harper, Nathan B. Wilcox, Thomas R. Karrenberg, Anderson & Karrenberg, Salt Lake City, UT.

For Bruce Deaton, Ashley Salisbury, Plaintiffs: Blake M. Harper, Hulett Harper LLP, San Diego, CA.

For Hotwire, Inc., IAC/InterActiveCorp., Defendant: Martha A. Boersch, Peter Eliot Davids, Jones Day, San Francisco, CA.

For Ashley Salisbury, Plaintiff: Adam Gutride, San Francisco, CA; Jeff S. Westerman, Michael R.R. Reese, Sabrina S. Kim, Milberg Weiss Bershad & Schulman LLP, Los Angeles, CA; Sanford P. Dumain, Milberg Weiss Bershad & Schulman LLP, New York, NY; Seth A. Safier, San Francisco, CA.

For Hotwire, Inc., Defendant: Martha A. Boersch, Peter Eliot Davids, Jones Day, San Francisco, CA.

For John Does 1-25, Defendant: Martha A. Boersch, San Francisco, CA.

For Bruce Deaton, on behalf of himself & all others similarly situated, Plaintiff: Wayne Lamprey, Anne [*2] Hayes Hartman, Francine T. Radford, Goodin MacBride Squeri Ritchie & Day LLP, San Francisco, CA; Blake M. Harper, Hulett Harper LLP, San Diego, CA; Kirk B. Hulett, Hulett Harper Stewart LLP, San Diego, CA.

**JUDGES:** SUSAN ILLSTON, United States District Judge.

**OPINIONBY:** SUSAN ILLSTON

**OPINION:**

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTIONS TO THE SAN FRANCISCO COUNTY SUPERIOR COURT**

Plaintiff's motion to remand these consolidated actions to state court is currently pending for decision, and the Court has deemed this motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby GRANTS plaintiff's motion to remand, REMANDS these actions to the Superior Court for the County of San Francisco, and DENIES plaintiff's request for fees and costs. The July 1, 2005 hearing date is hereby VACATED.

**BACKGROUND**

On January 13, 2005, plaintiff Jana Sneddon filed a class action against defendant Hotwire, Inc. in the Superior Court for the County of San Francisco. On February 17, 2005, plaintiff Ashley Salisbury filed a class action against defendant Hotwire, Inc. in the Superior Court for the County [*3] of San Francisco. On January 10, 2005, plaintiff Bruce Deaton filed a class action against defendant Hotwire, Inc. in the Superior Court for

the County of San Francisco.

The class actions assert three causes of action against defendant: 1) violation of California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.;* 2) conversion; and 3) imposition of a constructive trust. Defendant provides an internet service which sells discounted hotel rooms to the general public. Plaintiffs' claims stem from defendant's additionalcharge for "taxes/fees." Plaintiffs assert that defendant charges customers more under "taxes/fees" than it actually remits to the government, and that the differential is wrongfully retained by defendant. The class consists of all customers who paid defendant "taxes/fees" during the period from December 30, 1990 to the present.

On March 7, 2005, all three actions were removed from San Francisco Superior Court to the U.S. District Court for the Northern District of California, based on federal subject matter jurisdiction created under the newly enacted Class Action Fairness Act (CAFA), 28 U.S.C. § 1453. CAFA expanded the [*4] scope of federal jurisdiction for class actions by relaxing the diversity requirements and allowing aggregation for the amount in controversy requirement. The new statute, signed by President Bush on February 18, 2005, "appl[ies] to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2 § 9.

On March 22, 2005, a motion to remand was filed in each action. Thereafter the actions were related before a single judge, were reassigned to the undersigned district judge and, on April 20, 2005, were consolidated into one action. Defendant filed a single opposition to remand of the now-consolidated actions, and plaintiffs filed a unified reply. It is these motions which are presently before the Court.

**LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The court may remand sua sponte or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) [*5] (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921)); Salveson v. Western States Bankcard Ass'n, 525 F. Supp. 566, 571 (N.D. Cal. 1981), aff'd in part, rev'd in part, 731 F.2d 1423 (9th Cir. 1984); Schwarzer, Tashima, Wagstaffe, Federal Civil Procedure Before Trial, P 2:1093 (1992).

The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979); Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

**DISCUSSION**

**1. "Commencement" of an action under CAFA**

The decision in this case turns on interpreting the language of the Class Action Fairness Act. Diversity jurisdiction under CAFA applies "to any civil action commenced on or after the date of enactment of this Act [February 18, 2005]." Pub. L. 109-2, § 9. If an action "commences" when it is filed in state court, as plaintiffs contend, then there was no subject matter jurisdiction over these actions and removal was improper, because CAFA was not yet effective when they commenced. On the [*6] other hand, if an action "commences" when it is removed to federal court, which in this instance occurred on March 7, 2005, then this action was properly removed under CAFA.

So far as this Court is aware, all courts which have addressed this issue under CAFA have held that the commencement of an action refers to the date the action is filed in state court, not when the case is removed to federal court. Pritchett v. Office Depot, Inc., 404 F.3d 1232 (10th Cir. 2005); Knudsen v. Liberty Mut. Ins. Co., No. 05-1080, 2005 U.S. App. LEXIS 10440 (7th Cir. June 7, 2005); In re Expedia Hotel Taxes and Fees Litigation, Case No. C05-0365C, April 15, 2005 (W.D. Wash. 2005); Bush v. Cheaptickets, Case No. CV 05-2285 (C.D. Cal. 2005).

Statutory definitions of "commencement" support this view. According to the Federal Rules of Civil Procedure, an action commences at the "filing [of] a complaint with the court." Fed. R. Civ. Proc. 3. Likewise under California law, a civil action commences when a complaint is filed with the court. Cal. Code Civ. Proc. §§ 350, 411.10. n1 Serendipitously, logic also supports this view: [*7] since an action can only be commenced once, it cannot commence at the time of removal because "it is already pending by that time." Bush v. Cheaptickets, Case No. CV 05-2285 PA (C.D. Cal. 2005), May 5, 2005 Order at 3.

---

n1 "District courts within the Ninth Circuit have found that 'in removal cases, "commencement" is governed by the law of the state in which the action originated."' In re Expedia Hotel Taxes and Fees Litigation, Case No. C 05-0365C (W.D.Wash. 2005), April 15, 2005 Order at 2 (citations omitted).

---

The legislative history of CAFA is in accord. When CAFA was first introduced in the House, the removal

provision applied to cases certified as class actions on or following the effective date. See H.R. 516, 109th Cong. § 7 (2005). Under such a provision, this action would have been subject to CAFA. However, Congress rejected this provision and chose to apply CAFA only to cases commenced on or after February 18, 2005. See Pub. L. 109-2, § 9. For example, Senator Dodd said that "despite those [*8] who wanted it to . . . a case filed before the date of enactment will be unaffected by any provision of this legislation." 151 Cong. Rc. S1080 (daily ed. Feb. 8, 2005). This Court concludes the legislative history clearly supports an inference that CAFA does not apply to cases filed before February 18, 2005.

Defendant urges the Court to follow the apparent purpose of CAFA, rather than its express language, by granting federal jurisdiction to a broader spectrum of class actions than the words of the statute would require. However, the Court will follow the Supreme Court's clear directive that "the courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254, 117 L. Ed. 2d 391, 112 S. Ct. 1146 (1992). If the legislature intended that CAFA apply to cases filed before the enactment date, it would have said so, and would likely have enacted the retroactive House bill, H.R. 516, or some other statute. n2

> n2 Defendant relies on Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., 166 F. Supp. 319, 322-23 (E.D.N.Y. 1958), to support its argument that actions commence when they are removed to federalcourt. Its argument, which has been rejected by other courts considering it, see Pritchett, 404 F.3d at 1237, is unpersuasive.

[*9]

Plaintiff's motion to remand for lack of federal jurisdiction is therefore GRANTED.

**2. Attorney fees**

An order for remand may properly be followed by an award of attorneys' fees and costs accrued at trial. 28 U.S.C. § 1447(c). A district court has broad discretion in ordering attorneys' fees and costs, and bad faith is not required to justify an award of fees. Moore v. Permanente Medical Group, 981 F.2d 443, 448 (9th Cir. 1992). However, the Court finds that an award of attorney fees would be inappropriate in this instance. Defendant's removal was prompt and the issue raised is a new one. Although this Court considers defendant's removal improper, it finds that no award of attorneys fees is warranted.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to remand and REMANDS this action to the San Francisco Superior Court. Plaintiffs' request for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: June 29, 2005

SUSAN ILLSTON

United States District Judge

```
                                                                    104NX6
********** Print Completed **********

Time of Request: July 08, 2005   04:56 PM EDT

Print Number:    1861:51985558
Number of Lines: 134
Number of Pages: 3
```

```
Send To:  HOFFMAN, DOUGLAS
          GILMAN AND PASTOR
          60 STATE ST FL 37
          BOSTON, MA 02109-1800
```

FILED
CLERK, U.S. DISTRICT COURT
MAY - 5 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAY - 9 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

SCANNED

Priority  ✗
Send      ✗
Enter     ✗
Closed
JS-5/JS-6 ✗
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

DOCKETED ON CM
MAY - 9 2005
BY                001

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BUSH, JULIANNE DYER, JOSH KRAMER, ANA LOPEZ and ASHLEY SALISBURY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHEAPTICKETS, INC., CENDANT CORPORATION, EXPEDIA, INC., IAC/INTERACTIVECORP, HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, INC., ORBITZ LLC, PRICELINE.COM, INC., TRAVELOCITY.COM, INC., TRAVELOCITY.COM, L.P., JOHN DOES 1-25, inclusive,<br><br>Defendants. | No. CV 05-2285 PA (VBKx)<br><br>ORDER REMANDING ACTION |

Before the Court are the parties' responses and supplemental responses to the Court's March 31, 2005 order to show cause why this action should not be remanded to the state court for lack of federal subject matter jurisdiction.

Plaintiffs filed their Complaint on February 17, 2005, in the Superior Court of the State of California for the County of Los Angeles. On March 28, 2005, Defendants Cheaptickets, Inc.; Cendant Corporation; Expedia, Inc.; IAC/Interactive Corp.; Hotels.com,

L.P.; Hotels.com GP, LLC; Orbitz, Inc.; Orbitz, LLC; Priceline.com, Inc.; Travelocity.com, Inc.; Travelocity.com, L.P. (collectively, "Defendants") removed the case to the United States District Court for the Central District of California. The Notice of Removal alleges that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2 (the "Act"). The Act expands the scope of federal diversity jurisdiction by amending 28 U.S.C. § 1332 to include class actions that meet certain criteria. See 28 U.S.C. § 1332(d). It also adds 28 U.S.C. § 1453, which authorizes and sets terms for removal of class actions filed in state court that meet the new criteria for diversity jurisdiction.

Section 9 of the Act states: "The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2, § 9 (emphasis added). The Act was enacted on February 18, 2005, one day after this action was filed in state court.

Whether this Court has subject matter jurisdiction depends on the meaning of the word "commenced" in section 9 of the Act. If the Court lacks subject matter jurisdiction, it must remand this action to state court. 28 U.S.C. § 1447(c).

At the time this Court issued the order to show cause, the only published decision addressing the meaning of the word "commenced" in section 9 of the Act was the United States District Court for the District of Colorado, which held the word "commenced" refers to the date an action is filed in state court, not the date of its removal. Pritchett v. Office Depot, Inc., 360 F.Supp.2d 1176, 1181 (2005). Since that time, the United States Court of Appeals for the Tenth Circuit has issued a published decision in the same case reaching the same conclusion as the district court. Pritchett v. Office Depot, Inc., __ F.3d __, 2005 WL 827158 (10th Cir. Apr. 11, 2005). This Court is in agreement.

The starting point for statutory construction is the plain language of the statute. Botosan v. Paul McNally Realty, 216 F.3d 827, 831 (9th Cir. 2000). The verb "commence" is commonly understood as a synonym of "begin." See Oxford English Dictionary, available at http://dictionary.oed.com (defining "commence" as "To begin (an action); to enter upon;

esp. in legal use, to commence an action, a suit, proceedings, etc.") A lawsuit does not "begin" on the date it is removed to federal court; it is already pending by that time. Instead, a lawsuit is deemed to "begin" or "commence" on the date the original complaint is filed. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.")

Defendants contend that the broad remedial purpose of the Act requires an expansive definition of "commenced" that includes cases removed after the effective date. This approach, however, ignores the legislative history of the Act. When the Act was first introduced in the House, the removal provision applied not only to cases "commenced" on or after the Act's effective date, but also to cases certified as class actions on or after the effective date. See H.R. 516, 109th Cong. § 7 (2005). This latter category of cases naturally would include cases already pending on the date of enactment. Congress, however, chose to narrow the scope of the removal provision by eliminating this category of cases.

Indeed, comments by legislators who sponsored the bill confirm the Court's conclusion that the word "commenced" refers to the date the complaint is filed rather than the date of the removal. See 151 Cong. Rc. S1080 (daily ed. Feb. 8, 2005) (statement of Sen. Dodd) ("[The Act] does not apply retroactively, despite those who wanted it to. A case filed before the date of enactment will be unaffected by any provision of this legislation."); 151 Cong. Rec. H753 (daily ed. Feb. 17, 2005) (statement of Rep. Goodlatte) ("Since the legislation is not retroactive, it would have absolutely no effect on the 75 class actions already filed against Merck in the wake of the Vioxx withdrawal.")

Given the Act's plain language and legislative history, this Court agrees with the Tenth Circuit that the word "commenced" in section 9 of the Act refers to the date the complaint is filed, not the date of its removal. As this action was commenced prior to the Act's effective date, this Court lacks federal subject matter jurisdiction. Accordingly, the Court remands the action to the Superior Court of the State of California for the County of Los Angeles. See 28 U.S.C. § 1447(c).

. . . .

. . . .

Because the courts were divided on the meaning of the word "commenced" in earlier jurisdictional statutes,[1] and arguable support therefore existed for defendants' position, the Court denies plaintiffs' request for attorneys' fees and costs resulting from the removal. See Moore v. Permanente Medical Group, 981 F.2d 443, 448 (9th Cir. 1992) (finding that "[a]n award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court.").

IT IS SO ORDERED.

DATED: May 5, 2005

Percy Anderson
UNITED STATES DISTRICT JUDGE

---

[1]	Compare Kieffer v. Travelers Fire Ins. Co., 167 F.Supp. 398, 401 (D.Md. 1958) (holding the word "commenced" in an amendment to the diversity statute that raised the amount-in-controversy requirement referred to the date of the complaint's filing rather than the date of its removal) with Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co., 166 F.Supp. 319, 323-24 (E.D.N.Y. 1958) (reaching the opposite conclusion).

-4-

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In re EXPEDIA HOTEL TAXES AND FEES LITIGATION

CASE NO. C05-0365C

ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19). Plaintiffs seek to remand this case to King County Superior Court on the ground that Defendant's removal of this matter to federal court is improper. The Court has carefully reviewed the materials submitted by the parties. For the following reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand.

In January and early February of 2005, three of the Plaintiffs separately filed class action suits against Expedia and its owner, IAC/InterActiveCorp, in King County Superior Court. Each complaint alleges that Expedia violated the Washington State Consumer Protection Act by levying tax recovery and service fees in connection with hotel reservation transactions. On February 18, 2005, a King County Superior Court judge consolidated the three cases. Also on February 18, President Bush signed the Class

ORDER – 1

Action Fairness Act ("CAFA") into law. Class Action Fairness Act of 2005, Pub. L. No. 109-2 (2005). In part, CAFA expands federal court diversity jurisdiction over class actions to address the fact that most class actions, regardless of their nationwide scope, are currently adjudicated in state courts. S. Rep. No. 109-14, at 4 (2005). On March 7, 2005, Expedia removed the consolidated case to U.S. District Court pursuant to CAFA. Plaintiffs now seek remand of this case to King County Superior Court.

The sole issue raised by Plaintiffs' motion is the proper definition of the term "commence" as it is used in CAFA. Under Defendant's interpretation, the action commenced either on the date that the state court consolidated the three original suits or on the date that Defendant removed the case. Under either of Defendant's interpretations, CAFA would apply because the action would have commenced on or after the Act's February 18 enactment date. Plaintiffs, on the other hand, argue that "commenced" means "filed" and that this consolidated case consists of cases filed entirely before CAFA's effective date. Since the only ground for removal was provided by CAFA, under Plaintiffs' interpretation, remand would be appropriate.

Upon a motion to remand, "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). There is a strong presumption against federal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992). For a civil litigant to secure federal jurisdiction under CAFA, the case must have "commenced" on or after the law's enactment date, February 18, 2005. Class Action Fairness Act § 9. The term "commence" is not defined in the Act. *See id*. District Courts within the Ninth Circuit have found that "in removal cases, 'commencement' is governed by the law of the state in which the action originated." *E.g., O'Brian v. Powerforce*, 939 F. Supp. 774, 777 (D. Haw. 1996); *Perez v. Gen. Packer*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992); *Corman v. Int'l Playtex*, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989); *see Provenza v. Yamaha Motor Co.*, 295 F. Supp. 2d 1175, 1178 (D. Nev. 2003); *Hom v. Serv. Merch. Co.*, 727 F. Supp. 1343, 1344 (N.D. Cal. 1990); *Rezendez v. Dow Corning*

ORDER – 2

*Co.*, 717 F. Supp. 1435, 1437 (E.D. Cal. 1989).  Under Washington law, a civil action is commenced by service of a summons or by filing a complaint.  Wash. Civ. R. 3(a); *Seattle Seahawks, Inc. v. King County*, 913 P.2d 375, 376 (Wash. 1996).

The Court finds that Defendant has failed to establish that federal jurisdiction is proper for the following reasons.  Although neither the Ninth Circuit nor the Western District of Washington has directly defined "commence" with respect to removal or consolidation, deferring to state law to define this word is consistent with other Ninth Circuit District Court decisions.[1]  Under state law, the plain text of Washington's Civil Rule 3(a) indicates that commencement occurs with "filing."  The suits giving rise to this consolidated action were all filed before CAFA's enactment date.  Moreover, Defendant's reliance on *Jeffery v. Weintraub*, 648 P.2d 914 (Wash. Ct. App. 1982), to argue that this case commenced when the state court consolidated the original cases is misplaced.  *Jeffery* only addresses consolidation's impact on the number of judgments and attorney's fees.  *See id.* at 921-22.  In *Jeffery*, the court considered whether the lower court could award a separate fee for each action underlying a consolidated case.  *Id*.  The court's statement that consolidation creates a new action was made in the context of finding that the lower court's issuance of separate judgments did not alter the fact that consolidation renders a single judgment.  *See id*. at 921.  As a result, *Jeffery* is inapposite to the case at the bar.  Finally, although CAFA seeks to expand federal diversity jurisdiction, inquiry into Congress' understanding of the term "commence" is uninstructive because CAFA's legislative history provides no definitive guidance.  Defendant has failed in its burden of establishing federal jurisdiction.  Given the presumption against removal, the Court finds that remand is appropriate.

/ /

---

[1] The Court also notes that Defendant fails to provide either persuasive or mandatory authority for the proposition that the Court should follow federal law to define "commence," and Defendant's argument that federal law dictates that commencement occurs upon removal relies on unpublished decisions and decisions by district courts outside the Ninth Circuit.

ORDER – 3

1   For these reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand and REMANDS this
2   case to King County Superior Court without award of costs or fees.
3   SO ORDERED this 15th day of APRIL, 2005.

*/s/ John C. Coughenour*
UNITED STATES DISTRICT JUDGE

26  ORDER – 4