IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on her own behalf and on behalf of all others similarly situated )<br><br>Plaintiff, )<br><br>v. )<br><br>WYETH, INC., et al. )<br><br>Defendants. ) | Civil Action No. 05-cv-11169 |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO REMAND

Pursuant to Local Rule 7.1(B)(3), Plaintiff Dawn Thompson, by and through her undersigned counsel of record, respectfully moves for leave of court to file a reply memorandum in further support of her Motion to Remand. The proposed reply memorandum is submitted herewith as Exhibit A.

In support of this Motion, Plaintiff contends that a reply memorandum is necessary in order to address the arguments and assertions contained in the Defendants' Opposition to the Motion to Remand. In particular, Plaintiff finds it necessary to address Defendants' characterization of the U.S. Supreme Court's holding in *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611 (2005). Plaintiff also finds it necessary to address the additional arguments and citation to authorities not contained in the Defendants' Notice of Removal.

WHEREFORE, the Plaintiff respectfully requests leave of Court to file the contemporaneously submitted reply memorandum in support of her Motion to Remand.

00005561.WPD ; 1

**CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)**

Undersigned counsel hereby certify that they conferred with counsel for the Defendants in a good faith effort to resolve or narrow the issues raised by this Motion, but have been unable to do so.

Dated: July 20, 2005

/s/ Kenneth G. Gilman
Douglas M. Brooks, BBO #058850
Kenneth G. Gilman, BBO #192760
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAWN THOMPSON, on her own behalf and on behalf of all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-cv-11169 |
| v. | ) ) | |
| WYETH, INC., et al. | ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S PROPOSED REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO REMAND**

Douglas M. Brooks, BBO #058850
Kenneth G. Gilman, BBO #192760
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701

# INTRODUCTION

On June 29, 2005, Plaintiff filed her Motion to Remand this matter to the Superior Court for Essex County, Massachusetts and a supporting Memorandum of Law.[1] (Dkt Nos. 14, 15). On July 13, 2005, Defendants Pfizer, Inc. and Warner Lambert Company LLC ("Defendants") filed their Opposition to Plaintiff's Motion to Remand. (the "Opposition").

Defendants had removed this matter from Massachusetts state court claiming that the provisions of the Class Action Fairness Act ("CAFA") are applicable even though the action was filed in state court prior to CAFA's enactment. (Notice of Removal, "the Notice" ¶¶ 16, 17). Defendants claimed that CAFA applies because the matter was removed to federal court after enactment of CAFA. In the memorandum supporting Plaintiff's motion to remand, she explained that every federal court to address Defendants' argument, including the U.S. Courts of Appeal for the Seventh and Tenth Circuits, has rejected it and held that cases that were pending in state court prior to CAFA's effective date are not subject to CAFA's removal provisions. (Remand Mem. at 1-2, 5-9; Plaintiff's Notice of Supp. Auth. In Further Support of Mot. to Remand (Dkt. No. 26), at 1-2, Exs. A-C). In addition, Plaintiff presented legislative history of CAFA clearly indicating that Congress did not intend for CAFA to extend to cases pending in state court prior to February 18, 2005. (Remand Mem. at 7).

In the Opposition, apparently recognizing that they cannot meaningfully distinguish the numerous cases rejecting its argument, Defendants instead argues that *all* of these cases were overturned by a recent decision of the U.S. Supreme Court. This decision, however, does not

---

[1] Plaintiff's Memorandum of Law In Support of Motion to Remand shall be referenced herein as (Remand Mem. at ___).

mention any of the cases cited by Plaintiff, nor does it analyze the definition of the word "commenced" in the context of CAFA, or in the context of any other statute. Defendants cite this case only to argue that it reversed years of decisions holding that the removal statute is to interpreted narrowly. However, the case does not even support this argument because it says nothing of the sort, and is in fact completely irrelevant to the pending motion to remand.

Defendants also cite cases addressing amendments to other jurisdictional statutes, and argue that the reach of CAFA should be expanded to apply to this case due to CAFA's general purpose of expanding federal jurisdiction to certain covered class actions. However, Defendants do not: (1) cite *any* case, reported or unreported, agreeing with their interpretation of CAFA; or (2) cite a single shred of legislative history evidencing any intent by Congress that CAFA be applied to cases already pending in state court before February 18, 2005, CAFA's effective date.

## ARGUMENT

I. *EXXON MOBIL* IS NOT RELEVANT TO THIS MOTION

As Plaintiff has already explained, all nine federal court decisions to address Defendants' interpretation of CAFA have rejected it. Nevertheless, in the Opposition, Defendants claim that a recent opinion of the United States Supreme Court negates all of these decisions. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 2005 U.S. LEXIS 5015 (June 23, 2005) ("*Exxon Mobil*"). Defendants claim that *Exxon Mobil* compels denial of Plaintiff's motion to remand because it "drastically alters the landscape in which courts should now construe federal jurisdictional statutes" in that it "rejected the notion that federal jurisdictional statutes should be interpreted narrowly . . ." (Opp. at 4, 17).

Defendants' reading of *Exxon Mobil* strains credulity. Though *Exxon Mobil* is clearly a

significant decision with respect to supplemental jurisdiction, it has nothing to do with removal jurisdiction under CAFA.  In that case, the issue was "whether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement, provided the claims are part of the same case or controversy."  2005 U.S. LEXIS 5015 at *8.  The Court answered this question in the affirmative, resolving a division among the circuits on this question.  *Id*.  **Exxon Mobil does not address CAFA at all**, except to note that CAFA "is not retroactive" and had no bearing on the Court's analysis of the cases before it.[2]  *Id*. at *47.  *Exxon Mobil* did not discuss the meaning of "commenced" under CAFA, or under any other statute, or address any of the cases cited by Plaintiff in her Remand Memorandum, including the Seventh Circuit's decision in *Knudsen v. Liberty Mut. Ins. Co.*, No. 05-8010, 2005 U.S. App. LEXIS 10440 (7th Cir.  June 7, 2005), and the Tenth Circuit's decision in *Pritchett v. Office Depot, Inc.*, 404 F. 3d 1232 (10th Cir. 2005).

     Defendants' attempt to link *Exxon Mobil* to the issue before the Court in this case is, to be charitable, a stretch.  Defendants' contention is that *Exxon Mobile* rejects the long-held principle that removal statutes are to be strictly construed.  (Opp. at 6).  Defendants further argue that the decision in *Pritchett*, because it relied in part on the narrow construction of removal statutes, is therefore undermined by *Exxon Mobil*.  This is ludicrous.  There is nothing at all in *Exxon Mobil* to suggest that the Court meant to reverse the longstanding rule that removal statutes are to be strictly construed.  In fact, the Court does not mention this principle at all; and with good reason; ***the two cases that were before the Court in Exxon Mobil were not removed to federal court***.  Rather, those cases were initially filed in federal court.  *Exxon Mobil*, 2005 U.S. LEXIS 5015 at

---

[2]  This is, of course, completely consistent with Plaintiff's position.

*9, 10-11. If the Court had intended to reverse such a well-settled principal, it would have said so directly.

Defendants attempt to finesse this point by stating: "[T]he Court drew no distinction between statutes granting original jurisdiction and those granting removal jurisdiction for purposes of statutory interpretation." (Opp. at 5). Of course, the reason the Court drew no such distinction was that there was no reason to do so under the facts presented. Not surprisingly, Defendants are alone in their belief that *Exxon Mobil* reversed the well-settled rule that the removal statute is to be read narrowly. Federal Courts have continued to do so even after *Exxon Mobil*. *Lontz v. Tharp*, No. 04-1967, 2005 U.S. App. LEXIS 13138, at *8 (4th Cir. July 1, 2005); *Thomas v. Friends Rehab. Program, Inc.*, No. 04-4288, 2005 U.S. Dist. LEXIS 13762, at *5 (E.D. Pa. July 11, 2005) ("[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand."); *Buechner v. Avery*, 2005 U.S. Dist. LEXIS 13735 (S.D.N.Y. July 8, 2005) (same); *Glatzer v. Bear, Stearns & Co.*, 04 Civ 8380, 2005 U.S. Dist. LEXIS 13340, at *10 (S.D.N.Y. July 5, 2005); *Sneddon v. Hotwire, Inc.*, Nos. 05-0951, 05-0952, 05-0953 2005 U.S. Dist. LEXIS 13257 (N.D. Cal. June 29, 2005) (same).

Plaintiff is at a loss to understand the relevance of the other Supreme Court case cited by Defendants. (Opp. at 5-6, citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005)). In *Grable*, the question was whether the absence of a federal cause of action "to try claims of title to land obtained at a federal tax sale precludes removal to federal court of a state action with non-diverse parties raising a disputed issue of federal title law." *Id.* at 2365. *Grable* confirmed the existing rule that in some circumstances, even though a complaint does not raise a federal cause of action, it is nevertheless removable under federal question jurisdiction if

resolution of the claim requires determination of an issue of federal law. *Id.* at 2366-67 (". . . this Court having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues.") (citing *Hopkins v. Walker*, 244 U.S. 486, 490-491 (1917)). *Grable* does not address diversity jurisdiction under CAFA *or* the prior rule, nor does it overturn, or even address, the well-settled rule that the removal statute is to be narrowly construed.

Neither *Exxon Mobil* nor *Grable* are the "drastic" alteration in the law that Defendants would like them to be. Consequently, these cases do not negate the nine federal court decisions identified by Plaintiff which rejected Defendants' interpretation of CAFA.

Defendants' argument is also internally inconsistent. If *Exxon Mobil* had, in fact, reversed the rule that removal statutes were to be construed narrowly, it would also negate several of the cases cited by Defendants to interpret the meaning of "commenced." In arguing that "commenced" should be read to mean the date of removal, Defendants cite cases addressing increases in the amount in controversy requirement, and which held that as to those amendments, "commenced" meant the date of removal. (Opp. at 11-13). These decisions were reached mainly in reliance on rule that the removal statute is to be interpreted narrowly. *Lorraine Motors v. Aetna Cas. & Sur. Co.*, 166 F. Supp. 319, 322 (E.D.N.Y. 1958) ([i]t has been held uniformly that the removal statutes are to be strictly construed and that removal should not be granted if there is doubt as to the right of removal in the first instance") (citations omitted); *Hunt v. Transp. Indem. Ins. Co.*, 1990 U.S. Dist. LEXIS at *16-17 (D. Haw. July 30, 1990) (basing holding, in part, upon "The Ninth Circuit's statement in *Libhart* that removal statutes should be strictly construed against removal"); *Gasper v. Nat'l Tea Co.*, 1990 U.S. Dist. LEXIS 639, at *5 (E.D. La. Jan.

25, 1990) ("Given the purpose of the increase in the jurisdictional minimum amount to limit federal court jurisdiction the Court will not adopt a reading of this statute that . . . would frustrate the new law's requirement."); *Abernathy v. Consolidated Cab Co.*, 169 F. Supp. 831, 834 (D. Kan. 1959) ("The policy of the statute (conferring diversity jurisdiction upon the district courts) calls for its strict construction.") (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

Consequently, even if Defendants' reading of *Exxon Mobil* were correct, it would severely undercut the very cases it relies upon for its interpretation of the term "commenced" in CAFA.

## II. THE *RELEVANT* LEGISLATIVE HISTORY PROVES THAT PLAINTIFF'S READING OF CAFA IS CORRECT

Defendants recite *ad nauseum* the broader purposes of CAFA, and implore the court to apply CAFA in order to further those purposes. (Opp. at 6-10). However, the evidence of legislative intent offered by Defendants addresses Congress's reasons for passing the statute. *Id.* Defendants offer no evidence of Congressional intent, however, as to whether CAFA was to apply to cases already pending in state court as of CAFA's effective date.

The legislative history offered by Plaintiff, on the other hand, addresses the relevant question here: which cases CAFA was intended to affect. As Plaintiff has indicated, and as the Tenth Circuit recognized in *Pritchett*, sponsoring legislators indicated that CAFA was not intended to apply to cases already pending in state court as of CAFA's effective date. *Pritchett,* 404 F.3d at 1236-37 (citing 151 Cong. Rec. S1080 (daily ed. Feb. 8, 2005) (statement of Sen. Dodd) ("[The Act] does not apply retroactively, despite those who wanted it to. A case filed before the date of enactment will be unaffected by any provision of this legislation."); 151 Cong.

Rec. H753 (daily ed. Feb. 17, 2005) (statement of Rep. Goodlatte) ("Since the legislation is not retroactive, it would have absolutely no effect on the 75 class actions already filed against Merck in the wake of the Vioxx withdrawal.")).

Moreover, these statements were not made by "Congressmen opposed to legislation," as Defendants inaccurately claim. (Opp. at 9). Rather, as Defendants are well aware, these statements were made by CAFA's ***sponsors***. It is completely appropriate to take such statements into account when interpreting the meaning of legislation. *United States v. Meade*, 175 F.3d 215, 219 (1st Cir. 1999) ("contemporaneous statements by a sponsor . . . are generally entitled to respect"); *Disabled in Action v. Hammons*, 202 F.3d 110, 124 (2d Cir. 2000) ("the most authoritative and reliable materials of legislative history [] includ[e]: the conference committee report, committee reports, ***sponsor/floor manager statement and floor and hearing colloquy***.") (emphasis added).

In addition, as the Tenth Circuit recognized in *Pritchett*, the relevant reports indicated that Congress expressly rejected a provision that would have made CAFA applicable to actions already pending in state court as of its effective date. (Remand Mem. at 6-7 (citing *Pritchett*, 404 F.3d at 1236)). Clearly, Congress intended for CAFA to leave undisturbed any case filed in state court prior to the statute's effective date.

Defendants further argue that it is inappropriate to even consider legislative history here because the term "commenced" within the meaning of CAFA is not "ambiguous." (Opp. at 8-9). In other words, to Defendants, the term "commenced" in the context of CAFA so clearly means the date of removal, that there is no room for argument whatsoever. This claim is of course ridiculous because Defendants' only backing for it is the fact that *some* federal courts have

interpreted "commenced" to mean the date of removal, but only when interpreting *other statutes*. At least nine other federal court decisions have disagreed with Defendants' interpretation of the term "commenced" within CAFA, and the rules of civil procedure in both Massachusetts and federal courts state that an action is commenced when it is initially filed. Fed. R. Civ. P. 3; Mass R. Civ. P. 3. Consequently, is should be obvious that the term "commenced" is, at the very least, not solely limited to Defendants' interpretation.

Although CAFA undoubtedly was intended to broaden federal jurisdiction in some circumstances, the true question here, which Defendants essentially ignore, is which cases are subject to CAFA. As the Tenth Circuit stated in *Pritchett*:

> We are mindful of the fact that Congress' goal in passing this legislation was to increase access to federal courts, and we also recognize that the Senate report instructs us to construe the bill's terms broadly. S. Rep. No. 109-14, at 43 (Feb. 28, 2005). But these general sentiments do not provide carte blanche for federal jurisdiction over a state class action any time the statute is ambiguous. ***While it is clear the Congress wished to expand federal jurisdiction, when that expansion is made effective is what is at issue in this case, and that is an issue we approach cautiously.***

*Pritchett*, 404 F.3d at 1238 (emphasis added) (citing *Shamrock Oil & Gas Corp.,* 313 U.S. at 108-109). The same argument was also rejected in *Sneddon*:

> Defendant urges the Court to follow the apparent purpose of CAFA, rather than its express language, by granting federal jurisdiction to a broader spectrum of class actions than the words of the statute would require. However, the Court will follow the Supreme Court's clear directive that "the courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254, 117 L. Ed. 2d 391, 112 S. Ct. 1146 (1992). If the legislature intended that CAFA apply to cases filed before the enactment date, it would have said so, and would likely have enacted the retroactive House bill, H.R. 516, or some other statute.

*Sneddon*, 2005 U.S. Dist. LEXIS 13257 at *8.

**III.   *KNUDSEN* AND *PRITCHETT* CANNOT BE DISTINGUISHED ON THEIR FACTS**

Although Defendants admit that they "do not disagree with the ultimate outcome in either *Pritchett* or *Knudson*" (Opp. at 16), they vainly attempt to discredit or distinguish the numerous federal court decisions holding that CAFA does not apply to cases pending in state court prior to February 18, 2005.  (Opp. at 15-16).  For instance, Defendants argue that these cases are distinguishable because the defendants filed notices of removal long after the complaints had been filed in state court, and therefore in contravention of the requirement in 28 U.S.C. § 1446(b) that the notice of removal be filed within 30 days of service.  (Opp. at 15-16).

However, the results of *Pritchett* and *Knudson* did not rest upon this consideration.  The Tenth Circuit's decision in *Pritchett,* as with the Seventh Circuit's in *Knudson*, was based on a finding that Congress did not intend for the CAFA to apply to cases already pending in state court as of February 18, 2005.  In fact, *Pritchett* explicitly holds that CAFA does not apply to *any* case filed in state court prior to February 18, 2005.  *Pritchett*, 404 F.3d at 1238.  Whether a case was filed two years or two days before enactment of CAFA is irrelevant.  CAFA simply does not reach any case filed in state court prior to February 18, 2005.  The irrelevance of the 30-day period to this Motion was further confirmed recently in *Sneddon,* which involved the removal of three separate complaints from state court, one of which was originally filed on February 17, 2005.  *Id.* at *2-3.  On March 7, 2005, **within the 30-day window**, the defendant removed all three complaints under CAFA, making the same argument as the Defendants.  *Id.*  Nevertheless, the Court followed *Pritchett* and *Knudsen* and granted plaintiffs' motion to remand because "CAFA does not apply to cases filed before February 18, 2005." *Id.* at *5.

As confirmed by *Sneddon*, the decisions in *Pritchett* and *Knudsen* did not depend on the fact that the defendants removed those cases outside of the 30-day window provided by the statute. Consequently, *Pritchett* and *Knudsen* cannot be distinguished from the case at bar.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand should be GRANTED

Dated: July 20, 2005

/s/ Kenneth G. Gilman
Douglas M. Brooks, BBO #058850
Kenneth G. Gilman, BBO #192760
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701