UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br>v.<br><br>WYETH, INC., a/k/a Wyeth Company, f/k/a American Home Products Corporation, WARNER-LAMBERT COMPANY, PARKE-DAVIS, a Division of Warner Lambert Company, PFIZER, INC., MCNEIL-PPC, INC., NOVARTIS CORPORATION, NOVARTIS CONSUMER HEALTH, INC., RITE-AID CORPORATION, PRESTIGE BRAND, INC. and THE PROCTOR AND GAMBLE COMPANY<br><br>   Defendants. | CIVIL ACTION NO.<br>05-11169-DPW |

**DEFENDANTS PFIZER INC.'S AND WARNER-LAMBERT COMPANY LLC'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY**

   Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC, improperly named as Warner-Lambert Company, on behalf of itself and its unincorporated Parke-Davis division, (collectively "Defendants") hereby respond to the Motion for Leave to File a Reply Memorandum in Further Support of Motion to Remand by plaintiff Dawn Thompson ("Plaintiff") as follows:

   1.  As the basis for her Motion, Plaintiff asserts that she "finds it necessary" to address Defendants' "characterization" of *Exxon Mobil v. Allapattah Servs.*, 125 S. Ct. 2611 (2005).

   2.  The Supreme Court issued its decision in *Exxon Mobil* on June 23, 2005. Plaintiff filed her Motion to Remand on June 29, 2005 and, therefore, had ample opportunity to

characterize or otherwise discuss *Exxon Mobil* in her Motion. Indeed, Plaintiff cites to *Exxon Mobil* in her Motion to Remand on page 3 and again on page 9.

3. Further, at the time they filed the Motion to Remand, Plaintiff's attorneys, Gilman and Pastor LLP, were in the unique position of having confronted the exact same jurisdictional issues in a matter filed against Pfizer that is currently pending in the United States District Court for the District of Massachusetts before the Hon. William G. Young. See <u>Natale v. Pfizer Inc.</u>, United States District Court for the District of Massachusetts, Civil Action No. 05-10590-WGY.

4. In *Natale*, Gilman and Pastor asserted claims on behalf of proposed statewide class of "all Massachusetts consumers who purchased Listerine during the Class Period (February 11, 2002 through the present)." As in this action, the Complaint in *Natale* alleges that Pfizer engaged in false and misleading advertising with respect to the efficacies of its product and asserted a single cause of action against Pfizer for common law fraud.

5. The *Natale* Complaint was originally filed in the Superior Court Department of Middlesex County, Massachusetts on February 11, 2005 – the same date that Gilman and Pastor filed the Complaint in this action in Essex County Superior Court. On March 25, 2005, Pfizer timely filed a Notice of Removal in *Natale* and, as here, asserted that federal diversity jurisdiction exists under The Class Action Fairness Act of 2005 ("CAFA"). Gilman and Pastor filed a Motion to Remand on behalf of the proposed putative class on April 15, 2005 and contended that jurisdiction did not lie because CAFA did not apply to actions filed in state court before its February 18, 2005 effective date. Oral argument was heard on the Motion to Remand before Chief Judge Young on June 13, 2005.

6. On June 27, 2005 – two days before Gilman and Pastor filed a Motion to Remand on behalf of the Plaintiff in this action – Pfizer filed a Notice of Additional Supreme Court

Authority in *Natale*, advising Chief Judge Young of the Supreme Court's decision in *Exxon Mobil* as well as, in Pfizer's view, the dispositive effect of *Exxon Mobil* on the plaintiff's Motion to Remand. (A true copy of Pfizer's Notice of Additional Supreme Court Authority is attached hereto as Exhibit 1).

7. Therefore, *before* they filed the Motion to Remand on behalf of the Plaintiff in this action, Gilman and Pastor had advance notice of Pfizer's reading of *Exxon Mobil* and its impact on the interpretation of CAFA for purposes of cases, like both this case and *Natale*, that were filed in state court before February 18, 2005 and removed to federal court thereafter. Gilman and Pastor had the benefit of essentially being "shown Pfizer's hand," and Defendants fail to see why a further submission by Gilman and Pastor on behalf of the Plaintiff in this case is necessary.

8. Nevertheless, should this Court, in its discretion, grant Plaintiff's Motion to Submit a Reply Memorandum, Defendants respectfully request leave to file a surreply in response to the Plaintiff's submission in order to address the arguments raised therein.

WHEREFORE, Defendants respectfully request that this Court:

    a. Exercise its discretion in response to Plaintiff's request;

    b. Allow Defendants an opportunity to file a Memorandum of Law in Surreply to Plaintiff's Reply Memorandum no later than August 5, 2005, should this Court, in its discretion, allow Plaintiff's Motion for Leave; and

    c. Grant such further relief as this Court deems just and appropriate.

|                          |                                                                                                |
|--------------------------|------------------------------------------------------------------------------------------------|
|                          | Respectfully submitted,                                                                        |
|                          | **PFIZER INC. and WARNER-LAMBERT COMPANY LLC (on behalf of itself and its unincorporated Parke-Davis Division),** |
|                          | By their attorneys,                                                                            |
|                          | */S/ Joseph J. Leghorn*                                                                        |
|                          | _____                                                               |
|                          | Joseph J. Leghorn (BBO No. 292440)                                                             |
|                          | J. Christopher Allen, Jr. (BBO No. 648381)                                                     |
|                          | NIXON PEABODY LLP                                                                              |
|                          | 100 Summer Street                                                                              |
|                          | Boston, MA  02110                                                                              |
| Dated:  July 21, 2005    | (617) 345-1000                                                                                 |

## CERTIFICATE OF SERVICE

I, J. Christopher Allen, Jr., do hereby certify that a true copy of the above document was served upon all counsel of record by electronic service on this 21st day of July, 2005.

/S/ J. Christopher, Allen, Jr.
_____
J. Christopher Allen, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JERRY NATALE, an individual, on behalf of )
herself and all others similarly situated, )
)
)
Plaintiffs, )   Civil Action No. 05-CV-10590-WGY
)
v. )
)
PFIZER, INC, )
a Delaware Corporation, )
)
Defendant. )

### DEFENDANT PFIZER'S NOTICE OF ADDITIONAL SUPREME COURT AUTHORITY

On June 13, 2005, the Court held oral argument on plaintiffs' motions to remand this case ("*Natale*") and *Kwaak v. Pfizer Inc.*, Civil Action No. 05-CV-10591-WGY ("*Kwaak*"), a related case, which Pfizer had removed from Middlesex County Superior Court under the Class Action Fairness Act, P.L. 109-2 ("CAFA").[1] In this Notice, Pfizer brings to the Court's attention the Supreme Court's June 23, 2005, decision in *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 2005 U.S. LEXIS 5015 (U.S. June 23, 2005) (attached hereto as Exhibit A). In *Exxon*, the Supreme Court was called upon to construe a jurisdictional statute, 28 U.S.C. § 1367, that, like CAFA, expanded federal jurisdiction.[2] As explained below, the Supreme Court's approach in

---

[1] Because *Natale* and *Kwaak* have not been consolidated, we are submitting an identical Notice of Additional Supreme Court Authority in *Kwaak*.

[2] In particular, the Court held that where there is complete diversity and at least one named plaintiff in a class (or non-class) action satisfies the amount-in-controversy requirement, there is supplemental jurisdiction under § 1367 "over the claims of other plaintiffs in the

(continued...)

311084952.DOC

*Exxon* to interpreting the meaning and scope of § 1367 is contrary to the Tenth Circuit's narrow approach in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005), and confirms that this Court has jurisdiction under CAFA over this case and *Kwaak*.

At the outset, the Supreme Court held that while "[w]e must not give jurisdictional statutes a more expansive interpretation than their text warrants, . . . *it is just as important not to adopt an artificial construction that is narrower than what the text provides*." 2005 U.S. LEXIS 5015, at *23 (emphasis added)  In addition, the Court did not recognize any presumption in against jurisdiction in cases that have been removed from state court. Thus, in resolving the split in the courts of appeal as to the proper interpretation of § 1367, the Court did not even hint that the scope of a jurisdictional grant was narrower for those cases that had been removed from state court,[3] as opposed to those cases that had been filed initially in federal court.[4] The Supreme Court's analysis on both issues – the scope of jurisdiction and the relevance of removal – is directly contrary to the Tenth Circuit's analysis in *Pritchett*, that "[w]e . . . look to presumptions" and, in particular, to a presumption that "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role

---

same Article III case or controversy, even if those claims are for less than the jurisdictional amount." *Id.* at *8.

[3] See *id.* at *10-11 , citing *Rosmer v. Pfizer Inc.*, 263 F.3d 110 (4th Cir. 2001); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599 (7th Cir. 1997); *In re Abbott Labs.*, 51 F.3d 524 (1995); *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 1001).

[4] See *id.* at *9-12 , citing *Allapattah Servs., Inc. v. Exxon* Corp., 333 F.3d 1248 (11th Cir. 2003); *Olden v. LaFarge Corp.*, 383 F.3d 495 (6th Cir. 2004); *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928 (7th Cir. 1996); *Star-Kist Foods, Inc. v. Ortega*, 370 F.3d 124 (1st Cir. 2004); *Trimble v. Asarco, Inc.*, 232 F.3d 946 (8th Cir. 2000); *Leonhardt v. Western Sugar* Co., 160 F.3d 631 (10th Cir. 1998).

as limited tribunals" and that a court should "approach cautiously" in interpreting a statute to expand federal jurisdiction. 404 F.3d at 1235, 1237 n.6.[5]

Consistent with its rejection of the view that jurisdictional statutes should be interpreted narrowly, the Supreme Court in *Exxon* held that "[o]rdinary principles of statutory construction apply." 2005 U.S. LEXIS 5015, at*23. In particular, "[i]n order to determine the scope of supplemental jurisdiction authorized by § 1367, . . . we must examine the statute's text in light of context, structure, and related statutory provisions" and "our established jurisprudence." *Id.* at *23-24, 39. The Supreme Court also rejected the view that an "identical phrase means one thing . . . in § 1331 and something else . . . in § 1332." *Id.* at *29-30. In direct contrast to this analysis by the Supreme Court, the court in *Pritchett* failed to take into account that:

(i) the "clear majority" of prior decisions interpreting jurisdictional statutes that contained the same "commencement" provision as in CAFA "held that a court must look to the date of removal, not the date that the plaintiff filed his original petition";[6]

(ii) the official U.S.C.A Commentary states this majority view is the "sounder" view;[7]

---

[5] The *Pritchett* court's analysis tracks the analysis of the *Exxon* dissenters. *See, e.g., Exxon*, 2005 U.S. LEXIS 5015, at *53 (Stevens, J., dissenting) ("our cases have never recognized a presumption in *favor* of expansive diversity jurisdiction) (emphasis in original); *id.* at *60 (Ginsburg, J., dissenting). Moreover, it is significant that in a decision a few days before *Exxon*, the Supreme Court, in expansively interpreting § 1331's grant of federal question jurisdiction, made no reference to any presumption against federal jurisdiction. *Grable & Sons Metal Prod., Inc. v. Darue Eng'r & Mfg*, 2005 U.S. LEXIS 4659 (U.S. June 13, 2005) (Exhibit B hereto).

[6] *Lindsey v. Meisenheimer*, 1997 U.S. Dist. LEXIS 17784, *3 (D. Kan. Sept. 24, 1997).

[7] U.S.C.A. Commentary to 1988 amendments to 28 U.S.C. § 1332.

(iii) only the "clear majority" view provides a consistent interpretation to identical statutory language regardless of whether Congress intends to expand or contract jurisdiction, and that under *Pritchett*'s interpretation of CAFA, the "identical phrase ["commenced on or after"] means one thing" in CAFA and "something else"[8] in virtually identical statutes amending § 1332.[9]

(iv) *each* time Congress in CAFA referred to the filing of the action in state court, it used the phrase "the State in which the action *was originally filed*," whereas when it set the effective date of the Act, it used the phrase "shall apply to any civil action *commenced* on or after the date of enactment of this Act", which is the *only* time it used the word "commenced";[10] and

(v) when Congress amended the removal statute in 1986 to permit removal of an entire action that contains state law claims and a separate and independent federal law claim, Congress provided that the amendment would "apply with respect to claims in civil actions commenced *in State courts* on or after the date of the enactment," whereas in CAFA Congress did *not* include the modifying phrase "in State courts." (*See* Pfizer Mem. 5).

Finally, the Supreme Court in *Exxon* made clear that "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material," 2005 U.S. LEXIS 5015, at*41. Accordingly, the Court interpreted the statute "in light of other statutory provisions

---

[8] *Exxon*, 2005 U.S. LEXIS 5015, at *29-30.

[9] *See* Memorandum of Law of Defendant Pfizer Inc. in Opposition to Plaintiff's Motion to Remand, April 29, 2005, at pp. 7-8 ("Pfizer Mem.").

[10] *Compare* CAFA § 3(a) § 1711(2), § 4(a)(3), § 4(a)(3)(B), § 4(a)(3)(E) *with* CAFA § 9.

and our established jurisprudence," and not with reference to the statute's legislative history. *Id.* at \*39. By contrast, the *Pritchett* court relied heavily on legislative history relating to the prior version of the House bill that had an express provision for retroactive application of the statute, but ignored that when Congress deleted the provision providing for CAFA's retroactive application, it *retained* the identical language providing for CAFA's applicability to actions "commenced" on or after CAFA's date of enactment. *Compare* H.R. 1115 § 8(a) (108th Cong. 1st Sess.) *with* CAFA § 9).[11]

In short, CAFA, like § 1367, "is a broad jurisdictional grant." 2005 U.S. LEXIS 5015, at \*24. And, as in *Exxon*, when in interpreted in light of its "context, structure, and related statutory provisions" (*id.* at \*23-24), CAFA makes clear that there is federal diversity jurisdiction over the plaintiff's putative class action.

Respectfully submitted,

PFIZER INC.
By its attorneys,

Of counsel:

Thomas A. Smart
Richard A. De Sevo
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022
(212) 836-8000

_/s/ Dora Kripapuri_
William M. Cowan, Esq., BBO # 566940
Dora Kripapuri, Esq., BBO # 654236
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: June 27, 2005

---

[11] The Court in *Exxon* acknowledged that CAFA "is not "retroactive." 2005 U.S. LEXIS 5015, at \*47. As we previously explained, Pfizer is not suggesting that CAFA is retroactive or that it repealed the 30-day requirement of 28 U.S.C. § 1446(b). Denying remand here is a prospective, not retroactive, application of CAFA. *See* Pfizer Mem. 11-12, 13-14.