UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on behalf of herself and all others similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>WYETH, INC., a/k/a WYETH COMPANY f/k/a American Home Products Corporation, WARNER-LAMBERT COMPANY, PARKE-DAVIS, a Division of Warner-Lambert Company, PFIZER, INC., MCNEIL-PPC, INC., NOVARTIS CORPORATION, NOVARTIS CONSUMER HEALTH, INC., RITE-AID CORPORATION, PRESTIGE BRAND, INC., and THE PROCTOR AND GAMBLE COMPANY,<br>　　　　　Defendants. | )<br>)<br>)<br>)　C.A. No. 05-11169<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ASSENTED-TO MOTION TO SUBSTITUTE DEFENDANT**

Now comes the defendant, by and through its attorneys, and asks that this Court substitute "The Procter & Gamble Distributing Company" as the defendant in this action, in place of "The Proctor and Gamble Company" (misnamed). In support of this Motion, defendant states as follows:

　　1.　　The Complaint alleges, in part, that the defendants in this action engaged in material misrepresentations in connection with the marketing and sale of various over-the-counter children's cough syrups that contained the active ingredient dextromethorphan.

　　2.　　The Procter & Gamble Company is an Ohio corporation and lacks the sort of minimum contacts with the Commonwealth of Massachusetts that would allow this Court to maintain personal jurisdiction over it. Moreover, The Procter & Gamble

Company did not distribute the products it is alleged to have distributed in paragraph 12 of the Complaint.

3. The Procter & Gamble Distributing Company, as the entity that distributed the products alleged in paragraph 12 of the Complaint, is the proper defendant.

4. No prejudice will be suffered by substituting The Procter & Gamble Distributing Company as the proper defendant; whereas if such relief is denied, defendant will be forced to seek a dismissal of this action in view of the lack of personal jurisdiction over The Procter & Gamble Company.

5. The substitution sought by this motion meets the requirements of Fed. R. Civ. P. 15(c)(3) for "relation back," and defendant does not intend to use the substitution of parties sought by this motion as grounds for opposing plaintiff's pending motion for remand.

6. This motion is assented to by plaintiff.

WHEREFORE, defendant respectfully requests that The Procter & Gamble Distributing Company be substituted as the proper party defendant in place of The Proctor and Gamble Company, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE PROCTER & GAMBLE COMPANY
By its Attorneys,

/s/elanders
Edwin F. Landers, Jr., BBO#559360
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

/s/jhall
John E. Hall
Michael S. Labson
Wendy M. Ertmer
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel. (202) 662-5104
Fax (202) 778-5104

ASSENTED TO:

DAWN THOMPSON,
By her Attorneys,


/s/dhoffman
Kenneth G. Gilman, Esq.
Douglas J. Hoffman, Esq.
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701