UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WYETH, INC., a/k/a Wyeth Company, f/k/a American Home Products Corporation, WARNER-LAMBERT COMPANY, PARKE-DAVIS, a Division of Warner Lambert Company, PFIZER, INC., MCNEIL-PPC, INC., NOVARTIS CORPORATION, NOVARTIS CONSUMER HEALTH, INC., RITE-AID CORPORATION, PRESTIGE BRAND, INC. and THE PROCTOR AND GAMBLE COMPANY<br><br>        Defendants. | CIVIL ACTION NO.<br>05-11169-DPW |

**DEFENDANTS PFIZER INC.'S AND WARNER-LAMBERT COMPANY LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER
<u>OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>**

In further support of their Opposition to Plaintiff's Motion to Remand, Defendants Pfizer Inc. and Warner-Lambert Company LLC[1] ("Defendants") hereby give notice of *Adams v. Federal Materials Co., Inc.*, Civil Action No. 5:05 CV-90-R, 2005 U.S. Dist. LEXIS 15324, *1 (W.D. Ky. July, 28, 2005)[2] – a recent decision by the United States District Court for the Western District of Kentucky, denying remand in an action filed in state court *prior* to the effective date of the Class Action Fairness Act of 2005 ("CAFA") and removed *thereafter*. In addition, Defendants state as follows:

---

[1]    Defendant Warner-Lambert Company LLC has been improperly named as Warner-Lambert Company.

[2]    A true and accurate copy of the *Adams* decision is attached hereto as Exhibit 1.

1.	In *Adams*, the Western District of Kentucky rejected the premise asserted by the Plaintiff here and articulated by the Tenth Circuit in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005), that "CAFA simply does not reach any case filed in state court prior to February 18, 2005."

2.	*Adams* also soundly discredits Plaintiff's contention that Defendants seek "retroactive" application of CAFA in this case.

3.	In *Adams*, the plaintiff, on behalf of a proposed class of Kentucky citizens, filed a class action against a single defendant, Federal Materials Company ("Federal"), almost a year before CAFA was enacted. *Id.* at *5. Federal subsequently named defendant Rogers Group, Inc. ("Rogers Group") as a third party defendant. *Id.* at * 6. Thereafter, the plaintiff amended his complaint to add Rogers Group as a direct defendant. *Id.* On April 1, 2005, Federal and the Rogers Group timely removed, asserting jurisdiction under CAFA. *Id.*

4.	As here, the plaintiff in *Adams* argued that CAFA did not apply because the action was commenced before February 18, 2005 and that the defendants improperly sought a "retroactive" application of the statute because the suit was filed before CAFA's effective date. *Id.* at *8, n.1.

5.	Holding that CAFA *did* apply to the action and that there was federal diversity jurisdiction giving rise to removal, the district court squarely rejected this logic. The court stated, "Defendants' argument for removal is not … based upon a retroactive application of the statute; rather, it seeks to construe the commencement date in such a way as to bring the case within the *prospective* reach of CAFA." *Id.* (emphasis in the original).

6.	In addition, consistent with the United States Supreme Court's decision in *Exxon Mobil v. Allapattah Servs., Inc.*, Civil Action No. 04-70, 2005 U.S. LEXIS 5015, *1, the court in

*Adams* drew no distinction between removal statutes and other jurisdictional statutes for purposes of statutory interpretation. Rather, in accordance with *Exxon Mobil*, the Western District of Kentucky applied ordinary rules of statutory construction and examined, among other things, the "plain meaning" of the term "commenced" and the "effect of a contrary reading on the overall statutory … scheme." *Id.* at 15.

7. Based upon these principles, the court held that the term "commenced" should be read "from the point of view of each *defendant* rather than the plaintiff." *Id.* *16 (emphasis supplied). In reaching this decision, the court reasoned that CAFA implemented "significant changes in the law of removal" and was plainly intended to effect "an opening of the federal courts to *more*, not fewer litigants." *Id.* at *15-16 (emphasis in original).

8. Accordingly, the Western District of Kentucky avoided the pitfall to which other federal courts have fallen prey post-*Exxon Mobil* – the notion, rejected by the Supreme Court and upon which Plaintiff's Motion to Remand hinges, that removal statutes should be strictly construed.

    Respectfully submitted,
**PFIZER INC. and WARNER-LAMBERT COMPANY LLC (on behalf of itself and its unincorporated Parke-Davis Division),**
By their attorneys,

*/S/ Joseph J. Leghorn*

_____
Joseph J. Leghorn (BBO No. 292440)
J. Christopher Allen, Jr. (BBO No. 648381)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

Dated: August 18, 2005

## **CERTIFICATE OF SERVICE**

  I, J. Christopher Allen, Jr., do hereby certify that a true copy of the above document was served upon all counsel of record by electronic service on this 18th day of August, 2005.

               */S/ J. Christopher, Allen, Jr.*
               _____
               J. Christopher Allen, Jr.

LEXSEE 2005 U.S. DIST. LEXIS 15324

JAMES ADAMS, et al., PLAINTIFFS v. FEDERAL MATERIALS COMPANY, INC., et al., DEFENDANTS

CIVIL ACTION NO. 5:05CV-90-R

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, PADUCAH DIVISION

2005 U.S. Dist. LEXIS 15324

July 28, 2005, Decided

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For James Adams, on behalf of himself and all persons similarly situated, Plaintiff: Alexander Barnett, The Mason Law Firm, PC, New York, NY; Daniel K. Bryson, Lewis & Roberts, Raleigh, NC; Gary W. Jackson, Lewis & Roberts, Raleigh, NC; Gary E. Mason, The Mason Law Firm, PC, Washington, DC; Goeffrey S. Proud, Lewis & Roberts, Raleigh, NC; John C. Whit•eld, Whit•eld & Cox PSC, Madisonville, KY; Michael J. Flannery, Carey & Danis LLC, St. Louis, MO

For Wallace York, on behalf of himself and all persons similarly situated, Plaintiff: Alexander Barnett, The Mason Law Firm, PC, New York, NY; Daniel K. Bryson, Lewis & Roberts, Raleigh, NC; Gary W. Jackson, Lewis & Roberts, Raleigh, NC; Gary E. Mason, The Mason Law Firm, PC, Washington, DC; Goeffrey S. Proud, Lewis & Roberts, Raleigh, NC; John C. Whit•eld, Whit•eld & Cox PSC, Madisonville, KY; Michael J. Flannery, Carey & Danis LLC, St. Louis, MO

For Doris York, on behalf of herself and all persons similarly situated, Plaintiff: Alexander Barnett, The Mason Law Firm, PC, New York, NY; Daniel K. Bryson, Lewis & Roberts, Raleigh, NC; Gary W. Jackson, Lewis & Roberts, Raleigh, NC; Gary E. Mason, The Mason Law Firm, PC, Washington, [*2] DC; Goeffrey S. Proud, Lewis & Roberts, Raleigh, NC; John C. Whit•eld, Whit•eld & Cox PSC, Madisonville, KY; Michael J. Flannery, Carey & Danis LLC, St. Louis, MO

For Dean Ray, on behalf of himself and all persons similarly situated, Plaintiff: Alexander Barnett, The Mason Law Firm, PC, New York, NY; Daniel K. Bryson, Lewis & Roberts, Raleigh, NC; Gary W. Jackson, Lewis & Roberts, Raleigh, NC; Gary E. Mason, The Mason Law Firm, PC, Washington, DC; Goeffrey S. Proud, Lewis & Roberts, Raleigh, NC; John C. Whit•eld, Whit•eld & Cox PSC, Madisonville, KY; Michael J. Flannery, Carey & Danis LLC, St. Louis, MO

For Anna Ray, on behalf of herself and all persons similarly situated, Plaintiff: Alexander Barnett, The Mason Law Firm, PC, New York, NY; Daniel K. Bryson, Lewis & Roberts, Raleigh, NC; Gary W. Jackson, Lewis & Roberts, Raleigh, NC; Gary E. Mason, The Mason Law Firm, PC, Washington, DC; Goeffrey S. Proud, Lewis & Roberts, Raleigh, NC; John C. Whit•eld, Whit•eld & Cox PSC, Madisonville, KY; Michael J. Flannery, Carey & Danis LLC, St. Louis, MO

For Federal Materials Company, Inc., a Kentucky Corporation, Defendant: David K. Taylor, Boult, Cummings, Conners & Berry [*3] PLC, Nashville, TN; Julie M. Burnstein, Boult, Cummings, Conners & Berry PLC, Nashville, TN; Marc A. Wells, Wells & Wetzel, Princeton, KY

For Hanson Aggregates Midwest, Inc., a division of Hanson Aggregates East, Inc., a division of Hanson Building Materials America, a subsidiary of Hanson PLC is a New Jersey Corporation, Defendant: David J. Forestner, Phears & Moldovan, Norcross, GA; H. Wayne Phears, Phears & Moldovan, Norcross, GA; John David Cole, Sr., Cole & Moore, Bowling Green, KY; John A. Gillan, Hanson Aggregates Midwest, Inc., Morrisville, NC; Joseph Coomes, Phears & Moldovan, Norcross, GA; Van F. Sims, Boswell Sims & Vasseur, PLLC, Paducah, KY

For Rogers Group, Inc., Defendant: J. Mark Grundy, Greenebaum Doll & McDonald PLLC, Louisville, KY; P. Blaine Grant, Greenebaum Doll & McDonald PLLC, Louisville, KY; William Edward Skees, Greenebaum Doll & McDonald PLLC, Louisville, KY

For Federal Materials Company, Inc., a Kentucky

Case 1:05-cv-11169-DPW    Document 43-2    Filed 08/18/2005    Page 2 of 5

Page 2
2005 U.S. Dist. LEXIS 15324, *3

Corporation, ThirdParty Plaintiff: David K. Taylor, Boult, Cummings, Conners & Berry PLC, Nashville, TN; Julie M. Burnstein, Boult, Cummings, Conners & Berry PLC, Nashville, TN; Marc A. Wells, Wells & Wetzel, Princeton, KY

For Rogers [*4] Group, Inc., ThirdParty Defendant: J. Mark Grundy, Greenebaum Doll & McDonald PLLC, Louisville, KY; P. Blaine Grant, Greenebaum Doll & McDonald PLLC, Louisville, KY; William Edward Skees, Greenebaum Doll & McDonald PLLC, Louisville, KY

For Federal Materials Company, Inc., a Kentucky Corporation, Cross Claimant: David K. Taylor, Boult, Cummings, Conners & Berry PLC, Nashville, TN; Julie M. Burnstein, Boult, Cummings, Conners & Berry PLC, Nashville, TN

For Hanson Aggregates Midwest, Inc., a division of Hanson Aggregates East, Inc., a division of Hanson Building Materials America, a subsidiary of Hanson PLC is a New Jersey Corporation, Cross Defendant: David J. Forestner, Phears & Moldovan, Norcross, GA; H. Wayne Phears, Phears & Moldovan, Norcross, GA; Joseph Coomes, Phears & Moldovan, Norcross, GA; Van F. Sims, Boswell Sims & Vasseur, PLLC, Paducah, KY

**JUDGES:** Thomas B. Russell, Judge

**OPINIONBY:** Thomas B. Russell

**OPINION:**

### MEMORANDUM OPINION

This matter is before the Court on motion to remand (Dkt. # 22) of Plaintiffs James Adams, Anna Ray, Dean Ray, Doris York, and Wallace York ("Plaintiffs"). Defendant Federal Materials Company, Inc. ("Federal") responded (Dkt. # 23), as did Defendant [*5] Rogers Group, Inc. ("Rogers Group")(Dkt. # 24) and Defendant Hanson Aggregates Midwest, Inc. ("Hanson")(Dkt. # 26). Plaintiffs replied (Dkt. # 31), Hanson and Rogers Group sur-replied (Dkt. # 35), and this matter is now ripe for adjudication. For the reasons that follow, the Court **DENIES** Plaintiffs' motion to remand.

### BACKGROUND

On March 11, 2004, Plaintiffs •led this class action lawsuit against Defendants Federal and Hanson in Caldwell Circuit Court in Princeton, Kentucky. The complaint alleged that Federal operates a ready-mix concrete business and that it obtained at least some of the high-alkali reactive coarse aggregate used in that business from Hanson, which owns a quarry in Princeton. Plaintiffs are owners of buildings in that area which contain cement poured by Federal containing aggregate purchased from Hanson, and their suit was brought on behalf of themselves and all others similarly situated. Plaintiffs allege further that the aggregate was "inherently defective and/or de•cient and not suitable for its intended use" and that "Federal and Hanson failed to inform Plaintiffs and the members of the class of this fact." (Complaint, Exhibit A to Defendants' Notice [*6] of Removal, Dkt. # 1, at 2.) On this basis, Plaintiffs (or a subclass thereof) sued: Federal for breach of contract and breach of express warranties, both Federal and Hanson for breach of implied warranties, and all defendants for negligence, negligence *per se,* and breach of Kentucky's building code.

On February 18, 2005, the United States Congress passed the "Class Action Fairness Act of 2005," (CAFA) which is applicable "to any civil action commenced on or after [February 18, 2005]." PL 109-2, § 9, set out as a note to 28 U.S.C. A. § 1332, 119 Stat. 4 (2005). On February 25, 2005, Federal •led a third-party complaint against Rogers Group based on Rogers Group's alleged acquisition of the Princeton Quarry from Hanson in December, 2000. Then, on April 1, 2005, Plaintiffs •led an amended complaint which added Rogers Group as a defendant in the case. On May 2, 2005, Rogers Group, joined by Federal and Hanson, removed the case to this Court based on (i) 28 U.S.C. § 1332(d)(2), alleging that the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and that the action "is a class action in which a class [*7] member is not a citizen of Kentucky, Tennessee or Indiana, the states of which Defendants are citizens" and (ii) 28 U.S.C. § 1332(d)(3) and (4) "because during the previous three-year period preceding the •ling of this class action, one or more other class actions have been •led asserting the same or similar claims on behalf of other persons against Defendant Hanson." (Defendant's Notice of Removal, Dkt. # 1, at 3-4).

Thereafter, on May 23, 2005, Plaintiffs •led a Motion to Remand arguing (i) that the CAFA does not apply to this action because it was commenced before February 18, 2005 and (ii) that more than two-thirds of the class members and the primary defendants (Federal and Hanson) are Kentucky citizens, meaning that this Court is required by 28 U.S.C. § 1332(d)(4)(B) to decline to exercise jurisdiction otherwise granted to it under § 1332(d)(2).

### ANALYSIS

Plaintiffs' Motion to Remand requires the Court to interpret the newly-enacted CAFA to determine whether it has jurisdiction over this class action lawsuit or whether the jurisdictional statutes require remand to state courts

Case 1:05-cv-11169-DPW    Document 43-2    Filed 08/18/2005    Page 3 of 5

Page 3
2005 U.S. Dist. LEXIS 15324, *7

for adjudication. If CAFA applies, the Court [*8] must then determine whether its provisions permit Rogers Group to remove to federal court. If CAFA does *not* apply, Rogers Group's removal is clearly improper because complete diversity does not exist. The relevant facts are fairly simple: the Plaintiffs are all citizens of Kentucky, and the citizens of the class are largely, if not all, citizens of Kentucky. Defendants Federal and Hanson are also citizens of Kentucky, and made no effort to remove the case to federal court when it was •rst •led. Defendant Rogers Group, however, is an Indiana corporation with its principal place. of business in Tennessee and therefore diverse for jurisdictional purposes from Plaintiffs, meaning that minimal diversity exists.

**Applicability of the CAFA**

Plaintiffs argue that the case was "commenced" for CAFA purposes when they •led it in Caldwell Circuit Court in March, 2004 – well before the effective date of the CAFA. Defendants argue that, because the CAFA changes diversity requirements such that *any* diversity makes a case removable, the "commencement" provision of the CAFA should be interpreted to yield a different commencement date for a later-added defendant. n1 If the suit [*9] commenced as to the later-added defendant after February 18, 2005, Defendants argue, the later-added defendant's right to remove should be governed by the jurisdictional statutes as amended by the CAFA. n2 In this case, Defendant Rogers Group was brought into the case via a third-party complaint on February 25, 2005, and Plaintiffs amended their complaint to assert a claim against Rogers Group on April 1, 2005. On May 2, 2005, the thirtieth day after April 1 for purposes of the Federal Rules of Civil Procedure, Rogers Group •led its notice of removal in this court. n3

> n1 Plaintiffs correctly noted that there is a presumption against a statute's being applied retroactively. *Landgraf v. USI Film Prods., Inc.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). However, Defendants' argument for removal is not actually based upon a retroactive application of the statute; rather, it seeks to construe the commencement date in such a way as to bring the case within the *prospective* reach of the CAFA.
>
> n2 The Court notes that this appears to be somewhat different from the grounds for removal set forth in Defendants' Notice of Removal in which Defendants asserted that the action "is a class action in which a class member is not a citizen of Kentucky, Tennessee or Indiana, the states of which Defendants are citizens." Nevertheless, the argument as described in this paragraph has been developed in subsequent briefs responding to the Motion to Remand and Plaintiffs have had the opportunity adequately to respond to it.
[*10]

> n3 FRCP 6 dictates that, if the suit was commenced as to Rogers Group on April 1, 2005, the 30-day period would begin on April 2 and run for 30 calendar days therefrom, not including May 1 because it was a Sunday.

Due to the CAFA's recent enactment, there is a relative dearth of case law interpreting its provisions. Plaintiffs rely upon a recent decision from the Tenth Circuit in which that Court was faced with a related issue: whether an action commenced, for jurisdictional purposes, as of its •ling in state court or its removal to federal court. *Pritchett v. Of•ce Depot, Inc.,* 404 F.3d 1232 (10th Cir. 2005). In that case, the defendants sought to invoke the CAFA in order to effect removal of a class action which quali•ed as diverse under the CAFA rules but not under the pre–CAFA regime. The court in *Pritchett* held that "removal to federal court does not 'commence' an action for the purposes of the Class Action Fairness Act of 2005." *Id.* at 1238.

Defendants, however, cite a Seventh Circuit decision which deals with [*11] the possibility of exceptions to this general rule of interpretation, although ultimately rejecting the exception proposed by the defendants in that case. *Knudsen v. Liberty Mut. Ins. Co.,* 411 F.3d 805, 2005 WL 1389059 (7th Cir. 2005). In that case, the defendant "contend[ed] that any substantial change to the class de•nition 'commences' a new case." *Id.* at * 1. The *Knudsen* court, in rejecting a "signi•cant change" test for determining whether or not a new case has commenced, drew a distinction between changes of the kind made by the plaintiffs in that case (changing the class de•nition) and changes that could in fact constitute a new case. It suggested that

> a new claim for relief (a new 'cause of action' in state practice), the addition of a new defendant, or any other step suf•ciently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes.

*Id.* 411 F.3d 805, 2005 WL 1389059 at *2. The *Knudsen* court further noted that "removal practice recognizes this point: an amendment to the pleadings that adds a claim

Case 1:05-cv-11169-DPW    Document 43-2    Filed 08/18/2005    Page 4 of 5

Page 4
2005 U.S. Dist. LEXIS 15324, *11

under [*12] federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal." *Id.,* citing 28 U.S.C. § 1446(b) and Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14C *Federal Practice & Procedure* § 3732 at 311-348 (3d ed. 1998).

The general rule for statute of limitations purposes is that "a party brought into court by an amendment, and who has, for the •rst time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *U.S. v. Martinez,* 195 U.S. 469, 473, 25 S.Ct. 80, 81, 49 L.Ed. 282 (1904)(citing *Miller v. M'Intyre,* 31 U.S. 61, 6 Pet. 61, 8 L.Ed. 320 (1832)). Further, in the removal context, the Sixth Circuit has held that "a later-served defendant has 30 days *from the date of service* to remove a case to federal district court, with the consent of the remaining defendants." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 (6th Cir. 1999)(emphasis supplied). Similarly, Rule 15(c) of the Federal Rules of Civil Procedure [*13] , which governs relation back of amendments to the date of the original pleading, allows relation back of a change of party only when: (i) "the claim or defense asserted in the amended pleading arose out of conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;" (ii) the party to be brought in "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" (iii) the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party;" and (iv) the requirements in (ii) and (iii) were met within the applicable statutory limitations period.

As suggested by the *Knudsen* court, then, Plaintiffs' decision to add Rogers Group as a defendant presents precisely the situation in which it can and should be said that a new action has "commenced" for purposes of removal pursuant to the CAFA. This is both a logical extension of pre-existing removal practice and in keeping with the general intent of Congress in passing the CAFA - that is, extending the privilege of removal [*14] to federal district courts to defendants in large class actions on the basis of minimal diversity.

In so holding, the Court is mindful of our sister court's opinion in *Norman v. Sundance Spas, Inc.,* upon which Plaintiffs rely, in which Judge Heyburn construed the phrase "commencement of the action" in the opposite manner. 844 F.Supp. 355 (W.D. Ky. 1994). In that case, obviously governed by the removal statutes pre-CAFA, a later-joined defendant argued that, when calculating the one-year overall deadline for removal, "commencement of the action" should not be de•ned from the perspective of the plaintiff but from the perspective of each defendant as he is joined. n4 *Id.* at 357. The *Norman* court based its decision to construe the language from the plaintiff's perspective upon (i) the "plain meaning" of the language; (ii) the probable effect of a contrary reading on the overall statutory removal scheme; (iii) the consequences of application of the plain meaning for later-joined defendants; and (iv) the ef•cacy of a contrary reading in discouraging forum-shopping by plaintiffs. *Id.* at 357-360. Ultimately, it concluded, these factors [*15] supported a reading of the statute pursuant to which an action "commenced" when, and only when, the plaintiff initially •led the suit. *Id.*

> n4 The Court notes that the CAFA removed (for class actions to which it applies) the one-year deadline for removal, set forth in 28 U.S.C. § 1446(b). that was at issue in *Norman.* 28 U.S.C. § 1453(b).

The Court does not disagree with the reasoning in *Norman,* but believes that, in light of the signi•cant changes in the law of removal with respect to class actions enacted in the CAFA, it is distinguishable from the case at bar. The most signi•cant difference with respect to the analysis of removal issues, of course, is the provision that eliminates the one-year deadline entirely, signaling Congress's belief that whatever bene•t accrued from such a provision was outweighed by other considerations. Secondly, the CAFA removes the requirement that all defendants consent to removal. Finally, the *Norman* court saw its [*16] reading of the statute as being in accord with "a deliberate legislative trend to curtail federal suits between litigants of diverse citizenship." *Id.* at 359. Although such limits are by no means generally being reversed, in the particular situations addressed by the CAFA, it is clear that the opposite effect was intended; i.e., that an opening of federal courts to *more,* not fewer, litigants was the goal. The combination of these three considerations leads the Court to believe that Defendants' argument for a construction of the CAFA which de•nes the term "commenced" from the point of view of each defendant rather than the plaintiff is appropriate.

**Jurisdiction under the CAFA**

Plaintiffs argue, in the alternative, that even if the CAFA applies, jurisdiction in this court is inappropriate because, they argue, 28 U.S.C. § 1332(d)(4)(B) requires that the Court decline to exercise jurisdiction. That provision requires remand where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally •led." Plaintiffs as-

sert that [*17] "by definition, the proposed Class consists entirely of Kentucky citizens." (Plaintiffs' Motion to Remand, Dkt. # 22, at 7.) It is not clear to the Court that this is necessarily so – the class is defined in the Complaint as "all other similarly situated owners of structures in the Princeton, Kentucky area with cement poured by [Federal] containing aggregate from a quarry owned by [Hanson] and [Rogers Group]." It is likely, of course, that the owners of such buildings would be largely Kentucky citizens; in any case, it does not appear that Defendants contest this characterization of the class. Plaintiffs also assert that the primary Defendants are Kentucky citizens insofar as Federal and Hanson, both Kentucky corporations, are the primary defendants, whereas Rogers Group is a "secondary defendant."

In so arguing, Plaintiffs rely upon a distinction between "parties that are allegedly directly liable to the plaintiffs" and "those parties joined for purposes of contribution or indemnification." (Plaintiff's Reply, Dkt. # 31). Plaintiffs argue that, because Rogers Group initially entered the case as a third-party defendant to Federal's Third Party Complaint, it falls into the category [*18] of a "secondary defendant" because Federal brought it in for indemnity purposes.

As an initial matter, it is difficult to see how Hanson's liability, if any, to Plaintiffs could possibly be any different from Rogers Group's. Plaintiffs assert that "the fact that Plaintiffs amended their complaint to add [Rogers Group] as a defendant does not change [Rogers Group's] status as a secondary defendant." It may be that Rogers Group will ultimately be liable to Federal on the basis of a theory of indemnification; this does not, however, negate the fact that Plaintiffs amended their complaint to assert Rogers Group's liability directly to Plaintiffs for its supply of allegedly defective aggregate to Federal. In fact, according to the Complaint, Count III includes claims by Plaintiffs directly against *all* defendants, including Rogers Group, on the basis of Plaintiffs' assertion that "the cement sold to Plaintiffs and the other members of the Direct Purchasers Subclass did not satisfy the *Defendants'* implied warranties that the cement *and/or the aggregate* would satisfy applicable standards, including, but not limited to Kentucky state specifications, ASTM standards, and the [*19] Kentucky Building Code." (Plaintiffs' Amended Complaint, Exhibit A to Dkt. # 1, P 56)(emphasis supplied). Not only, then, is Rogers Group's liability not distinguishable (except for by the date of its purchase of the quarry) from Hanson's liability, neither Rogers Group's nor Hanson's liability is limited to indemnification of Federal. In light of the lack of a principled distinction between the positions of Hanson and Rogers Group, and the fact that one count of Plaintiffs' complaint is directed against Hanson and Rogers explicitly, there is simply no basis for treating Rogers Group as a secondary defendant in this case. Therefore, 28 U.S.C. § 1332(d)(4)(B) does not require that the Court decline to exercise jurisdiction.

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Plaintiff's motion to remand.

An appropriate order shall issue.

July 28, 2005

Thomas B. Russell, Judge

United States District Court